## CLEMENTS, by her next friend, &c., v. MOORE.

1. In an action by a female plaintiff upon a breach of promise to marry without reference to time, an allegation that the defendant had married another woman previous to the institution of the suit, is equivalent to an averment that the plaintiff had offered to marry him and her proposal was rejected; or rather is a substitute for it.

2. Where the contract was to marry in a reasonable time, it is sufficient for the female suing for a breach to alledge her readiness to marry the defendant, that a reasonable time had elapsed, the defendant's failure to marry her, and his continued neglect and refusal to do so.

Writ of error to the Circuit Court of Tuskaloosa.

THIS was an action of assumpsit at the suit of the plaintiff in error. The declaration contains several counts, the first of which alledges the mutual promise of the plaintiff and defendant to marry each other, with an averment that the plaintiff is still sole and unmarried, and ready and willing to perform her promise, but the defendant has married another woman, &c. The second count alledges mutual promises to

marry in a reasonable time, that a reasonable time has elapsed, and the plaintiff has remained and still is sole and unmarried, yet the defendant has failed and still refuses to perform his promise. A demurrer was interposed to each of the counts, which being sustained, and the plaintiff declining to amend her declaration, judgment was rendered for the defendant.

E. W. PECK and L. CLARK, for the plaintiff in error. The first count is good, because it avers the defendant has married another woman. No objection was made in the circuit court, to the second count, and it is believed to be unquestionably good. [2 Chit. Pl. 126-7-8.]

B. F. PORTER and S. H. BRODIE for the defendant, contended that all the counts are defective in not alledging a time or place for the marriage to be consummated, or an offer by the plaintiff to marry. It was not sufficient that she was ready and willing—[1 Chit. Pl. 363; 2 Bibb's Rep. 341; 1 Lit. R. 234;] besides the breach in the first count is not good.

COLLIER, C. J.—Conceding that in an action for a breach of a promise to marry a female plaintiff without reference to time, she should alledge in her declaration an offer to marry the defendant, and still we think the first count is good. It alledges that the defendant had married another woman. This certainly excused the plaintiff from reminding him of their engagement, and again offering him her hand. He had placed himself in such a condition as made it impossible for him to accept such a proposal, and the law did not impose upon her the indelicate task, in order to impair the wrong she had suffered, of proposing that which the defendant was under the necessity of rejecting. The allegation then, excuses an offer by the plaintiff to perform her promise, and is quite equivalent to it.

In Johnston vs. Caulkins, 1 Johns. Cas. 116, which was an action for a breach of promise of marriage, it was held that where the defendant had absconded, and thus put it out of the plaintiff's power to offer to consummate the contract, she was excused from making the offer.

The second count is alike unexceptionable. It states a

promise to marry in a reasonable time, the plaintiff's readiness to marry the defendant, that a reasonable time has elapsed, and the defendant's failure to marry her, and his continued neglect and refusal to do so.

Both counts substantially conform to the precedents in 2 Chitty, and certainly the cases cited by the defendant's counsel from the Kentucky Reports, do not oppose, but so far as applicable, sustain our views. The judgment is reversed, and the cause remanded.