LEONARD R. CUTTER *vs.* HENRY RICHARDSON & another.

Suffolk. March 12. — July 19, 1878. COLT & AMES, JJ., absent.

A surety on a bond, given to dissolve an attachment, is not discharged by the plaintiff's being allowed to file, without notice to him, an amended count, which does not change the cause of action, but merely states it more in detail than the original count.

If a general verdict is returned on a declaration containing two counts, one filed after a bond to dissolve an attachment is given, and without notice to a surety thereon, the surety is not discharged, if it appears from the record that the verdict could not have been rendered on this count.

CONTRACT against the sureties on a bond given to dissolve an attachment in an action brought by the plaintiff against Henry F. Howe and others, by writ dated December 22, 1874. Trial in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions in substance as follows:

The first count of the declaration in the original action was on an account annexed, to recover $576.50, for the use and occupation of certain premises hired of the plaintiff by the defendants. The account annexed contained two items. The first was for the balance due for rent, November 1, 1874, amounting to $270. The second was for $306.50, the rent for the month of November, 1874.

The second count was to recover $576.50 rent, under a written lease, a copy of which was annexed. By the terms of the lease, rent was reserved at the rate of $166.66 a month.

The third count alleged that the defendants on July 1, 1873, hired of the plaintiff a certain house, being the same mentioned in the preceding counts, and agreed to pay the plaintiff $83.33 a month, while certain alterations and repairs were being made by the plaintiff, and, at the completion of these alterations and repairs, to pay the plaintiff, monthly, at the rate of $3500 a year and a percentage of the cost of the alterations and repairs, and of the abatement on the rent while they were being made; that repairs were made at a certain cost; that the defendants occupied the house under the agreement until February 1, 1875, and paid the plaintiff rent monthly until October 1, 1874; and that they owed him $613, rent for the months of October and November, 1874, less $220 paid on account for the month of October.

The fourth count was on a written lease, a copy of which was annexed, from Jonas B. Hitchings to the defendants, of the same premises; and alleged a sale of the reversion to the plaintiff, and an attornment to him by the defendants; an occupation until February 1, 1875; and that rent was due for the months of October and November 1874, at the rate of $166.66 a month, as reserved in the lease.

The docket and files of the original action showed that the judge, trying the case without a jury, found for the plaintiff for $628.28, of which the plaintiff subsequently remitted the sum of $225.56.

It was admitted that judgment was entered for the plaintiff in the original action for the balance; that the execution issued thereon was returned unsatisfied; and that the third and fourth counts were allowed as amendments to the declaration, without notice to the sureties on the bond, and without their knowledge.

The defendants asked the judge to instruct the jury as follows: "1. The filing and allowing of the amendments to the declaration in the original action, without notice to the defendants in this action, and without their knowledge, discharged them from their liability as sureties upon the bond. 2. The finding in the original action being general, the court cannot say upon which count it was based, no evidence being offered to show upon which count it was based."

The judge declined so to instruct the jury, but did instruct them that the second and fourth counts of the declaration in the original action, being for two months' rent, under a lease fixing the rent at $166.66 per month, would not support the finding of the court in that case, the amount showing it must have been made on some other count; that the third count, filed and allowed by way of amendment, differed from the first only in stating in detail the mode in which the monthly rent, claimed in the first count, was ascertained and agreed upon; that it was for the occupation of the same premises, at the same rent and for the same length of time; that the amendments introduced no new cause of action; and directed the jury to return a verdict for the plaintiff. The defendants alleged exceptions.

*C. R. Train & J. O. Teele,* for the defendants.

*A. E. Pillsbury,* for the plaintiff.

ENDICOTT, J. The declaration in the original action contained two counts : the first for use and occupation of certain premises according to an account annexed; the second, for rent of the same premises according to the terms of a written lease. After the bond now in suit was given, the plaintiff, without notice to these defendants, filed two additional counts. The third count, so filed, is obviously an amendment to the first, and the fourth to the second count of the original declaration. The defendants contend that these counts introduced a new cause of action, and that they are discharged from their liability as sureties on the bond ; and also that, as the finding of the judge in the original action was general, the court cannot now say upon which count it was based.

But it is evident, from an inspection of the record, that the finding of the judge in the original action was not based upon the second and fourth counts. Under the second count, as amended by the fourth, rent at the rate of $166.66 per month, for two months only, could be recovered; under the first count, as amended by the third, $306.50 per month, for use and occupation during the same period, could be recovered, deducting therefrom $220, paid by the tenant on account. The original finding of the judge was for $628, evidently based upon the first and third counts, but failing to allow the credit stated in the third count. This error was corrected by the plaintiff remitting a portion of the finding. It is clear, from this recital, that the amount thus finally determined, which is much in excess of any sum that could be found due under the second and fourth counts, could not have been based on those counts, but must have been on the first and third counts. See *Brown* v. *Howe*, 3 Allen, 528.

Nor can it be said that the third count, in amendment of the first, introduced any new cause of action whereby these defendants were discharged. It was for use and occupation of the same premises, at the same rent, for the same length of time. It differed from the first only by stating in detail the mode in which the sum payable per month, for use and occupation of the premises, was ascertained and agreed upon, and contains a credit for money paid by the tenant, not stated in the first count.

The rulings at the trial were therefore correct. See *Mann* v. *Brewer*, 7 Allen, 202 ; *Wood* v. *Denny*, 7 Gray, 540, 542, and cases cited. *Exceptions overruled.*