<hr />

## GRAHAM *v.* MARTIN.

PROMISE OF MARRIAGE.—*Complaint for Breach.—Request of Performance.*—In an action for a breach of a mutual promise to marry on a certain day, the complaint need not aver a request for performance.

SAME.—*Place of Performance.*—The residence of the woman is, *prima facie,* the place of marriage, when the promise is silent on that point.

SAME.—*Request of Performance.*—In an action for a breach of a mutual

Graham v. Martin.

promise to marry, wherein the complaint avers the marriage of the defendant to another, it is not necessary to aver that the plaintiff had requested the defendant to fulfil the promise.

SAME.—*Readiness to Perform.—Instruction.—Evidence.*—An allegation of the readiness of the plaintiff to fulfil the marriage promise is material, and one which must be proved; and it was error to instruct the jury, in such case, that the plaintiff was entitled to recover on proof simply of the mutual promise and the defendant's marriage to another.

SAME.—*Preparation by Plaintiff to Marry.*—It is error to instruct the jury, that, in deciding whether the alleged promise had been made, they might consider evidence given of "any preparation" made by the plaintiff "for marriage."

PRACTICE.—*Special Demurrer.—Uncertainty.—Amendment.*—There is no special demurrer, under the code of this State, its place being occupied by the controlling power of the court to amend, render more certain or strike out pleadings or parts thereof.

BILL OF EXCEPTIONS.—*Short-Hand Reporter.*—A bill of exceptions prepared and filed conformably to the act of March 7th, 1873, 1 R. S. 1876, p. 769, concerning short-hand reporters, etc., is not invalid because it does not conform to the act of March 10th, 1873, 1 R. S. 1876, p. 770, on the same subject.

From the Henry Circuit Court.

*W. Grose, M. E. Forkner* and *E. H. Bundy,* for appellant.
*J. Brown* and *J. M. Brown,* for appellee.

PERKINS, J.—Catharine Martin, on the 27th day of January, 1876, sued Thomas Graham for a breach of promise of marriage. Her complaint was in two paragraphs. The first charged, that, "On the 1st day of December, 1874, and at divers other days and times, before and after that time, at Henry county, Indiana, in consideration that the said plaintiff, being then and there an unmarried female, of the proper age to be joined in matrimony, at the special instance and request of said defendant, had then and there undertook and faithfully promised the said defendant to marry him on the 1st day of March, 1875, he the said defendant, undertook and faithfully promised the said plaintiff to marry her, on the 1st day of March, 1875, he, the said defendant, then being sole and unmarried.

And the said plaintiff avers, that she, confiding in said promise and undertaking of said defendant, after the making of said promise by said defendant, and before and ever since, to wit, at the county of Henry and State aforesaid, was and has been ready and willing to marry, said defendant, and at the time and at the place aforesaid, or at any other time before or afterward; that although said plaintiff had promised and was willing to marry the said defendant aforesaid, as defendant well knew, yet said defendant did not and would not marry the plaintiff on the said 1st day of March, 1875, nor at any other time, but on the contrary, on the —— day of January, 1876, said defendant married one —— Bales. Wherefore," etc.

"Par. 2. The said plaintiff further complains of the defendant, and says that heretofore, to wit, on the 1st day of December, 1874, and at divers other days and times before and after that time, at the county of Henry and State of Indiana, the said defendant, in consideration that the plaintiff, who was then sole and unmarried, and of the proper age to marry, had then and there, at the special instance and request of said defendant, undertaken and promised the defendant that she would marry him, the defendant, in consideration of which promises on the part of the plaintiff, at the said divers times aforesaid, the said defendant did then and there faithfully promise, agree and undertake to marry the plaintiff in a reasonable time then next following; and the plaintiff avers, that she, confiding in said promise and undertaking of the said defendant, hath always hitherto remained and continued single and unmarried, and hath been, for and during all the time aforesaid, up until the —— day of January, 1875, ready and willing to marry the said defendant at all times and places, of which the defendant has always had notice, and although a reasonable time for the said defendant to marry her, the said plaintiff, hath elapsed since the making of

said promise and undertaking of the said defendant, and although the said plaintiff, after such reasonable time had elapsed, and at divers times, has requested said defendant to marry her, yet the said defendant, not regarding his said promise and undertaking, contriving," etc.. "did not nor would within such reasonable time aforesaid, nor when requested as aforesaid, nor at any other time, marry her, but hath hitherto failed and refused so to do, and on the —— day of January, 1876, married —— Bales. Wherefore," etc.

Demurrers were overruled to the paragraphs of complaint, and exceptions entered.

Answer, the general denial. Trial by jury, verdict for the plaintiff for sixteen hundred and fifty dollars. Motion for a new trial overruled, and judgment on the verdict.

The errors assigned are two :

1. Overruling the demurrers to the paragraphs of the complaint; and,

2. Overruling the motion for a new trial.

The objections are several to the paragraphs of the complaint.

To the first paragraph the objection is, that it does not aver a request by the plaintiff to the defendant to marry her.

To the second paragraph the objection is, that it does not aver, that the request made was made at the proper time.

The objection to the first paragraph is unsubstantial. That paragraph alleged a promise to marry upon a particular day. Where nothing is said as to the place, in such a contract, the house of the prospective bride would, *prima facie*, by the custom of society, be the place contemplated for the marriage; and by that custom, also, it would be the duty of the groom to present himself at that place,

Graham v. Martin.

without special request, to fulfil the marriage engagement.

The second paragraph contains the substance of a good complaint. It would have been good upon general demurrer, at common law. It might have been subject to a special demurrer; but we have no special demurrer. Its place is occupied by the controlling power of the court to amend, render more certain, or strike out pleadings, or parts thereof, on the application of the opposite party; and, if the exercise of this power is not invoked, the defect in the pleading, that might be properly corrected by its exercise, is waived. 3 Cooley's Bl. Com. 315, note.

What we have said on this point has been said upon the theory that a request was necessary. But the form in Chitty contains no averment of request. It is, in its substantive parts, as follows:

" For that the plaintiff and defendant agreed to marry one another, and a reasonable time for such marriage has elapsed, and the plaintiff has always been ready and willing to marry the defendant; yet the defendant has neglected and refused to marry the plaintiff." See the numerous cases cited in the notes to this form, that a request need not be averred. 2 Chitty Pl. 205 ; *Clements* v. *Moore*, 11 Ala. 35 (this case is directly in point); *Hook* v. *George*, 108 Mass. 324.

This doctrine is in accordance with the theory, that the groom should seek the bride, and not subject the prospective bride to the indelicacy of searching for, and demanding of, the prospective groom the fulfilment of his engagement. " ' The man is *ducere uxorem.*' ' The modesty of the sex is considered by the common law,' says Lord COKE. .' It can hardly be expected that a lady should say to a gentleman, " I am ready to marry you, pray marry me." '" 2 Parsons Con., 6th ed., p. 61.

It is not necessary that we decide the point in this case. See *King* v. *Kersey*, 2 Ind. 402.

We proceed to the second error assigned, viz., the over-ruling of the motion for a new trial.

The appellee contends that this assignment of error presents no question to the court, for the reason that a complete bill of exceptions is not in the record. He says, the bill was made up under the act of March 10th, 1875, touching reporters, etc., and does not conform to the requirements of the act. 1 R. S. 1876, p. 770.

It is true that the provisions of that act have not been complied with, and it is equally true that the bill was not prepared under that act, but was under the act of March 7th, 1873, the provisions of which act have been substantially complied with. 1 R. S. 1876, p. 769. The bill of exceptions is in the record, and is perfect.

The causes assigned therefor, in the motion for a new trial, were seven, viz. :

1.  Damages excessive ;

2.  Verdict against law and the evidence ;

3.  Error of law, occurring at the trial, in refusing and in admitting evidence ;

4.  Error in giving instructions from one to eight, inclusive ;

5.  Misconduct of the jury ;

6.  Newly-discovered evidence ; and,

7.  Misconduct of one of the jurors in said cause.

We will first examine the instructions of the court.

The fourth is as follows :

" If the jury believe, from a preponderance of the evidence, that there was a mutual promise or agreement to marry, between the plaintiff and defendant, substantially as stated in either paragraph of the complaint, and that the defendant married another lady before the commencement of this action, they should find for the plaintiff."

In *Hook* v. *George*, 108 Mass. 324, it is said :

" The plaintiff alleges in her declaration, that she and the

defendant were engaged to be married to each other; that she was always ready on her part to fulfil the engagement; and that the contract was broken by the defendant. All these are material averments, as to which the burden of proof is upon her."

The complaint, in the case at bar, contains like averments, but according to the instruction, the plaintiff was not bound to prove that she was ready and willing to marry the defendant. This was error. See, also, Chitty on Pleading, and notes, *supra.*

Objection is made to the following portion of the seventh charge, viz., that the jury, in deciding whether a contract of marriage existed between the parties, might consider the fact as to any preparation the plaintiff might have made for marriage, etc.

In *Russell* v. *Cowles*, 15 Gray, 582, it is decided, that, "In an action for breach of promise of marriage, evidence of preparations for performing the contract, made by the plaintiff in the absence of the defendant, and not in any way connected with him, is inadmissible to prove the plaintiff's assent to a mutual promise of marriage."

We think this decision asserts the better law. 2 Parsons Con. 62.

Other points made are not important in the present state of the case.

The judgment is reversed, with costs, and cause remanded for another trial.