## ISAAC T. KELLOGG *vs.* FRANCIS N. KIMBALL.

Suffolk. March 20. — May 8, 1883. DEVENS & W. ALLEN, JJ., absent.

If in an action two issues are raised and tried, one of which is the fraud of the defendant in obtaining the money sued for, and the other is the minority of the plaintiff at the time the contract was entered into, under which the money was paid, and the jury return a general verdict for the plaintiff, and the defendant afterwards obtains his discharge in bankruptcy and pleads it in bar of judgment in the action, the plaintiff should file a replication to such plea, setting up that his debt was created by fraud of the bankrupt; and a motion for judgment, notwithstanding the plea, is properly denied.

CONTRACT for money had and received, with a count in tort. After the decision of this court overruling the defendant's exceptions, 122 Mass. 163, the case came on to be heard in the Superior Court, before *Staples,* J., on the plaintiff's motion for judgment on the verdict. The judge denied the motion; and the plaintiff alleged exceptions, which appear in the opinion.

*S. H. Dudley,* (*W. P. Dudley* with him,) for the plaintiff.

*G. W. Morse & J. C. Lane,* for the defendant.

MORTON, C. J. After the verdict in this case, the defendant obtained his discharge in bankruptcy, and duly pleaded it in bar of judgment in the action. The proper course for the plaintiff was to file a replication to this plea, setting up that his debt was created by fraud of the bankrupt. Upon such replication the defendant has the right of trial by jury. Instead of doing this, the plaintiff filed a motion for judgment, notwithstanding the plea.

The court could not properly entertain this motion, or receive any evidence under it. Whether, if the record showed conclusively that the debt was created by fraud of the defendant, the

plaintiff would be aggrieved by the court's ordering judgment for the defendant, upon a motion, we need not consider. The record in this action does not show this. The jury found a general verdict for the plaintiff. The declaration contains two counts, one for fraud, and one for money had and received. The bill of exceptions states that "at the trial of said action two issues were raised and tried before the jury, the fraud of the defendant in obtaining the money sued for by false and fraudulent representations, and the minority of the plaintiff, rendering the contract voidable under which the money sought to be recovered back was paid by the plaintiff to the defendant."

It is impossible to tell by the record what issue the jury found for the plaintiff, upon which the verdict was based.

The verdict, therefore, does not conclusively prove that the plaintiff's debt was created by fraud of the defendant. The defendant has the right to have this question tried by a jury, and, as we have before said, the plaintiff should file a replication upon which such trial may be had in due course.

The Superior Court properly denied the plaintiff's motion for judgment.                                *Exceptions overruled.*