ISAAC T. KELLOGG *vs.* FRANCIS N. KIMBALL.

Suffolk. Jan. 16. — 19, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

After a verdict for the plaintiff in an action, if the defendant files a plea *puis darrein continuance,* setting up his discharge in bankruptcy, to which the plaintiff replies, that the debt set out in the declaration was created by the fraud of the defendant, and is not barred by the discharge in bankruptcy, the issue so raised may be submitted to a jury, and the court is not first required to set aside the verdict rendered on the merits.

After a verdict for the plaintiff in an action, the defendant filed a plea *puis darrein continuance,* setting up his discharge in bankruptcy; and the plaintiff filed a replication to this plea, alleging that the debt of the defendant, "as alleged in said declaration," was created by the fraud of the defendant, and is not barred by the discharge in bankruptcy. The defendant demurred to the replication, on the ground that the debt, as alleged in said declaration, did not appear to have been created by the fraud of the defendant. *Held,* that the words in the replication, "as alleged in said declaration," referred to the debt, and not to the fraud; and that the demurrer was rightly overruled.

CONTRACT for money had and received, with a count in tort for false and fraudulent representations. After a verdict for the

plaintiff, the defendant filed a plea *puis darrein continuance*, set-
ting up his discharge in bankruptcy. After the former decision,
135 Mass. 125, the plaintiff filed a replication to this plea, alleg-
ing that the debt of the defendant, " as alleged in said declara-
tion," was created by the fraud of the defendant, and is not barred
by the discharge in bankruptcy; and, upon the issue of fact so
raised, claimed a trial by jury. The defendant demurred to the
replication, on the following ground : " Said replication alleges
that the debt of the defendant, as alleged in the declaration in
said cause, was created by the fraud of defendant, and is not a
debt barred or discharged by defendant's discharge, whereas said
debt, as alleged in said declaration, doth not appear to have been
created by the fraud of the defendant."

The Superior Court overruled the demurrer ; and the defend-
ant appealed to this court. The defendant then moved in the
Superior Court that the verdict be set aside, for the purpose of
trying the issues raised upon the plea of discharge in bankruptcy.
This motion was overruled ; and the defendant appealed to this
court. The following question was submitted to the jury :
" Was the debt of the defendant, as determined by the verdict
in this case, created by fraud of the defendant ? " to which the
jury answered, " Yes ; " and, upon the issue raised by the plea
and replication, the jury found for the plaintiff.

*J. C. Lane*, for the defendant.

*S. H. Dudley*, for the plaintiff, was not called upon.

MORTON, C. J. The Superior Court was not required to set
aside the verdict in this case. It would be unjust to do so, and
thus compel the plaintiff to re-try the case upon the merits.
The defendant filed a plea *puis darrein continuance*, setting up
his discharge in bankruptcy, to which the plaintiff replied,
that the debt set out in the declaration was created by the fraud
of the defendant, and is not barred by the discharge in bank-
ruptcy. The only issue tendered and raised is whether the
debt due the plaintiff was created by the fraud of the defendant,
and the usual and proper course, under our practice, is to sub-
mit this issue to the jury without disturbing the verdict. If
the plaintiff prevails on it, he is entitled to judgment on the
verdict; if the defendant prevails, he is entitled to judgment,
notwithstanding the verdict. *Cronan* v. *Cotting*, 104 Mass. 245.

*Burpee* v. *Sparhawk,* 108 Mass. 111. *Kellogg* v. *Kimball,* 135 Mass. 125.

The defendant's demurrer to the replication was rightly overruled. It proceeds upon the assumption that the replication avers that the debt of the defendant was created by the fraud of the defendant set out in the declaration. The words used in the replication, " as alleged in said declaration," refer to the debt, and not to the fraud, and the meaning is that the debt set out in the declaration was created by the fraud of the defendant.

The replication may be objectionable, because it does not specify the fraud upon which the plaintiff relies; if so, the defendant should have assigned this as a cause of demurrer, in which event an amendment could have cured the difficulty.

*Judgment for the plaintiff.*