ISAAC T. KELLOGG *vs.* FRANCIS N. KIMBALL.

Suffolk.   March 6. — May 11, 1885.   W. ALLEN, COLBURN, & HOLMES,
JJ., absent.

In the absence of evidence of the circumstances of the attachment and keeping of
personal property, a fee of three dollars taxed therefor will not be presumed
to be illegal.

Where, on an appeal from a taxation of costs, the record does not disclose when,
where, or by whom a deposition was taken, nor its length, an allowance in the
Superior Court of a fee of ten dollars therefor will not be revised in this
court.

APPEAL from a taxation of costs.   The record showed an
item for service of writ, $5.36, which included a charge of $3,
for " custody and keeping; " also $1, for a " commission," and
$10, for " commissioner's fee; " and a certificate of the clerk
that the last was taxed according to an affidavit of the plain-
tiff's counsel that he paid the same, the commissioner not re-
turning any fees.

It further showed that the plaintiff claimed forty-seven term
fees; that the clerk of the Superior Court allowed three for
that court, and three more for each time the questions of law
were before the Supreme Judicial Court; that *Blodgett*, J.,
allowed the plaintiff five additional term fees, and in other
respects affirmed the clerk's taxation of costs; and that the
defendant appealed to this court.

*S. H. Dudley*, for the plaintiff.

*J. C. Lane*, for the defendant.

FIELD, J.   The papers do not disclose in what particulars the
defendant contends that the judgment of the Superior Court is
erroneous.   In his argument here he objects to two items; of
which the first is $3 for the custody and keeping of property
attached, and the second is $10 for the fee of a commissioner
in taking a deposition.

As the plaintiff claimed forty-seven term fees, it may be as-
sumed that the action was brought eleven or twelve years ago,
and that the attachment was made before the passage of the
St. of 1878, *c.* 272, and before the decision of this court in
*Cutter* v. *Howe*, 122 Mass. 541.

But there are no facts before us that enable us to say that the charge of $3 was not an expense reasonably incurred by the attaching officer in keeping the attached property in the manner required by law.

The fees of commissioners in taking depositions are regulated by statute. We do not know where the deposition was taken. We infer that it was taken without the Commonwealth, by a commissioner appointed pursuant to the Pub. Sts. *c.* 18, § 9; Gen. Sts. *c.* 14, § 41; and that the fees to be allowed are determined by the Pub. Sts. *c.* 199, § 22; St. 1862,' *c.* 76. We do not know the number of pages contained in the deposition, as it is not before us, nor do we know whether the amount allowed exceeds the statutory fees; but as the Superior Court, to which the deposition was returnable, was authorized by statute to make a further allowance than that definitely prescribed by the statute, its judgment in this respect cannot be revised here.

*Judgment affirmed.*