ISAAC T. KELLOGG *vs.* FRANCIS N. KIMBALL & others.

Suffolk. March 4. — June 30, 1886. W. ALLEN & HOLMES, JJ., absent.

If the declaration in an action contains a count in contract and one in tort, not alleged to be for the same cause of action, and a demurrer to the declaration is sustained for misjoinder of counts, and the count in tort is stricken out, and, by amendment, a count in tort is added for the same cause of action, and this is properly averred, such amendment does not discharge the sureties on a bond given to dissolve an attachment in the action, although the amendment is made without notice to the sureties.

CONTRACT upon a bond to dissolve an attachment. Trial in the Superior Court, without a jury, before *Pitman*, J., who reported the case for the determination of this court, in substance as follows:

The declaration in the original action in which said attachment was made, containing three counts, was as follows:

"And now comes the plaintiff, who is a minor and sues by his next friend, S. H. Dudley, and says that, on or about the twelfth day of November last, he formed a copartnership with one George E. Sewell, for the purpose of carrying on the drug business in the city of Boston ; that together with said Sewell he purchased of the defendant the stock in trade and fixtures then contained in the store numbered 817 Washington Street, in Boston aforesaid, for the sum of $4500, $1700 to be paid in cash and the balance in notes of the firm secured by a mortgage of the stock and fixtures ; and the plaintiff says he paid the defendant, in good faith, the sum of $850 in cash, being one half of the cash payment of $1700, and he supposed and was led to believe, both by said Sewell and by said defendant, that said Sewell had also paid said defendant his half of said $1700 ; but the plaintiff says that said Sewell did not pay the defendant the other half of said $1700, and the defendant did not require him to pay the same ; that said defendant conspired with said Sewell to secure the plaintiff's money to the defendant's use, and did so secure it to the amount of $850; that at or about the same time the defendant promised the plaintiff that, if at any time the firm needed help or time on the notes above mentioned, he, the defendant, would bestow it; but the plaintiff says the defendant utterly failed so to do, but assigned the mortgage and the notes secured thereby to another person, who at once proceeded to foreclose the mortgage and to oppress the plaintiff, although the defendant promised the plaintiff that the assignee would do by the plaintiff the same as the defendant would do; and the plaintiff says he has given up to the defendant any and all rights ever acquired by him from the defendant, and demanded a return of the money paid by the plaintiff to the defendant, but that the defendant wholly refused to return the same; and the plaintiff says the defendant owes him the sum of $850.

"And the plaintiff further says, that after the twelfth day of November last he paid or caused to be paid to the defendant the sum of $200, in pursuance of the agreement made on that day, and that afterwards he gave up to the defendant all rights he ever acquired from him as mentioned in the first count, and demanded from him said $200, together with the $850 in the

first count mentioned; but the plaintiff says the defendant utterly refused and still refuses to return the same; and the plaintiff says the defendant owes him said sum of $200 in addition to the $850 in the first count mentioned.

"And the plaintiff further says the defendant owes him the sum of $1050, money had and received to plaintiff's use, being the same money mentioned in the first and second counts."

A demurrer to the first two counts in said declaration was sustained, and thereafter the plaintiff, without notice to or consent of the sureties on said bond, filed, by leave of court, an amendment to his declaration, containing two counts, as follows:

"And now comes the plaintiff, and amends the first count in said declaration as follows, to wit: He says that he is a minor, and sues by his next friend, S. H. Dudley; that on or about the twelfth day of November, A. D. 1872, he formed a copartnership with one George E. Sewell, for the purpose of carrying on the drug business in the city of Boston; that, together with said Sewell, he purchased of the defendant the stock in trade and fixtures then contained in the store numbered 817 Washington Street, in Boston aforesaid, for the sum of $4500, $1700 to be paid down in cash, and the balance in the notes of the firm secured by a mortgage of the stock and fixtures; and the plaintiff says that he paid the defendant, in good faith, the sum of $850 in cash, it being his half of the $1700 to be paid down in cash; but that said Sewell did not pay his half of said $1700 to the defendant, and the defendant did not require him to pay the same; that in consideration of the premises, and of the cash paid by the plaintiff, the defendant promised the plaintiff that, if at any time the firm needed time or help on the notes above mentioned, the defendant would bestow it; but the plaintiff says the defendant utterly failed to do so, although requested, and assigned the mortgage and the notes secured thereby to another person, who at once proceeded to foreclose the mortgage and oppress the plaintiff, although the defendant promised the plaintiff that the assignee would do by the plaintiff the same as the defendant would do; and the plaintiff says he repudiated all contracts with said Sewell and with the defendant, and gave up to the defendant all rights ever acquired by the plaintiff

from said defendant, and demanded back from him the money paid him as aforesaid; but the defendant wholly refused to receive or accept any property or rights acquired by the plaintiff from him, or to pay back the money aforesaid, and the plaintiff says the defendant owes him the sum of $850.

"And the plaintiff, further amending his said declaration, says that on or about the twelfth day of November, A. D. 1872, one George E. Sewell solicited the plaintiff to form a copartnership with him on equal shares, for the pretended purpose of carrying on the drug business in the city of Boston; that the plaintiff did in good faith enter into a copartnership with said Sewell, as he supposed; that the plaintiff was thereupon induced by the defendant and said Sewell to join with said Sewell, his pretended copartner, in the purchase from the defendant of the stock in trade and the fixtures contained in the store numbered 817 Washington Street, in Boston aforesaid, for the sum of $4500, $1700 thereof to be paid down in cash to the defendant, and the remainder thereof in the notes of the firm, secured by mortgage on the stock and fixtures; and the plaintiff says that the defendant and said Sewell falsely and fraudulently represented to the plaintiff that said Sewell had paid his half of said cash payment of $1700, to wit, the sum of $850; and he says that the defendant and said Sewell conspired together to induce the plaintiff to pay the defendant the sum of $850 in cash, it being the plaintiff's half of said sum of $1700, and that, relying upon the false and fraudulent representations of the defendant and said Sewell, and supposing and believing the same to be true, he did pay to the defendant, in cash, the sum of $850, it being his half of said pretended cash payment of $1700; and that, relying upon the said false and fraudulent representations of the defendant and of said Sewell, and supposing and believing the same to be true, he, the plaintiff, paid or caused to be paid to the defendant the further sum of $200; and the plaintiff says that this count in tort is for the same cause of action as the first and second counts, and the third count, in said declaration, it being doubtful to which class said action belongs."

A demurrer to said declaration, as amended, was filed and sustained as to the first count contained in said amendment.

A trial was had, and a verdict rendered for the plaintiff upon said two remaining counts, namely, the third count in the original declaration and the latter count in said amendment.

Judgment was entered upon said verdict on May 13, 1885, which judgment remains unsatisfied.

The defendants contended that the effect of said amendment to the declaration in the original action was to release them from liability upon said bond. But the judge ruled otherwise; and found for the plaintiff in the penal sum of the bond.

If, upon the foregoing facts, the defendants, or either of them, were injured by error of law in said rulings, the finding as to them was to be set aside, and judgment was to be entered for the defendants, or such of them as were released from liability on said bond by said amendment, if such was the effect of the amendment; otherwise, judgment was to be entered upon the finding.

*J. B. Goodrich & G. W. Morse*, for the defendants.

*S. H. Dudley*, for the plaintiff.

C. ALLEN, J. The decision of the present case involves a further consideration of the pleadings in the much litigated action of the plaintiff against the principal in the bond now in suit, which has been four times before this court. *Kellogg* v. *Kimball*, 122 Mass. 163; 135 Mass. 125; 138 Mass. 441; 139 Mass. 296. It is now contended that the sureties on the bond given to dissolve the attachment in the original action were discharged by the allowance of the amendment to the declaration, adding a new count in place of the first and second counts in the original declaration. To have this effect, the amendment must be such as to let in some new demand or new cause of action, and not merely to vary the mode of stating the liability upon the same cause of action. *Wood* v. *Denny*, 7 Gray, 540. *Smith* v. *Palmer*, 6 Cush. 513. *Cutter* v. *Richardson*, 125 Mass. 72. The Pub. Sts. *c.* 167, § 85, provide that "the cause of action shall be deemed to be the same for which the action was brought, when it is made to appear to the court that it is the cause of action relied on by the plaintiff when the action was commenced, however the same may be misdescribed." The allowance of the amendment is conclusive evidence of the identity of the cause of action, as between the original parties; but

not as to third persons who have no notice of the application for leave to amend. The same cause of action may be set forth in a count in contract and a count in tort. Pub. Sts. *c.* 167, § 2, *cl.* 5. *Mann* v. *Brewer,* 7 Allen, 202.

In the present case, it is stated on the face of the amended count, that it " is for the same cause of action as the first and second counts, and the third count, in said declaration, it being doubtful to which class said action belongs." The allowance of the amendment shows that the judge who allowed it understood it to be for the same cause of action. The trial proceeded upon the same assumption, the case having been submitted to the jury, and a verdict having been taken upon the original third count and the amended count, as representing one cause of action. The defendants do not now contend, and we do not see, that the amended count was for a different cause of action from that set forth in the original third count; but they place their defence on the ground that the original declaration was insufficient, because it contained counts in contract and in tort, not averred to be for the same cause, which, therefore, could not legally be joined. There is no suggestion that the amended count introduced any new demand, or that it was anything else than a different mode of stating the original claim. The demurrer to the first two counts of the original declaration was sustained on the ground that they were improperly joined with the third count, merely because, as we understand from the defendant's brief, there was no sufficient averment of identity in the cause of action. This defect was cured by inserting such an averment in the new count, and this does not have the effect to discharge the sureties. It is merely supplying a formal defect. This is the only question which we have to consider.

*Judgment affirmed.*