## HANOVER S. NICKERSON *vs.* WILLIAM H. BRADBURY.

### Somerset.     Opinion March 16, 1896.

*Trover.     Amendment.     Practice.*

A plaintiff, who declares for the conversion of a horse called the Smith horse, cannot be allowed to so amend his declaration as to recover for the conversion of a horse known as the Connor horse, they being different horses, and the plaintiff intending to describe the Smith and not the Connor horse, when the writ was made.

*Dodge* v. *Haskell*, 69 Maine, 429, affirmed.

ON EXCEPTIONS.

This was an action of trover to recover for the conversion of personal property, described in the writ as follows: "A red mare, at that date eight years old, being the same mare that George W. Pushor purchased of John Smith, of the value of fifty dollars. The plaintiff claimed to be the owner of the property described in the declaration by virtue of a chattel mortgage given by George W. Pushor to the plaintiff and others, upon various horses and other personal property, included in

VOL. LXXXVIII.     38

which was one red mare eight years old, and being the same purchased of John Smith ; and one red mare, seven years old, and being the same that I, meaning the said Pushor, purchased of James F. Connor."

At the trial the defendant claimed and introduced evidence tending to show that he never had bought, owned or had in his possession, or converted to his own use in any way, the red mare that George W. Pushor purchased of John Smith, but admitted that he had purchased of Pushor the red mare bought of James F. Connor.   The plaintiff introduced evidence tending to show that the plaintiff and his counsel saw in the possession of the defendant a red mare, and that a sufficient demand was made upon the defendant for a red mare which demand was refused.   There was no dispute but that the red mare in the possession of the defendant at the time of the demand was formerly owned by Pushor and was mentioned in the bill of sale, and was sold by Pushor to the defendant.

Upon the second day of the trial the plaintiff moved to amend his writ by inserting a new count.   The purpose of this amendment was to cover the red mare, mentioned in the mortgage as bought by Pushor of James F. Connor, and which was subsequently sold by Pushor to the defendant.

The presiding justice ruled that, as a matter of law, the amendment could not be allowed so as to recover for the conversion of the red mare bought by Pushor of Connor, because it referred to a new and different cause of action and for this reason refused to allow the amendment.   To this ruling and refusal the plaintiff excepted.

It was agreed that, if the law court should hold that this was amendable as a matter of law, the amendment should be allowed upon such terms as the law court or a single justice should determine.

*S. J. and L. L. Walton*, for plaintiff.

Exceptions lie to rulings in matter of law.   *Rowell* v. *Small*, 30 Maine, 30 ; *Hayford* v. *Everett*, 68 Maine, 508.

Where the defendant is in no way connected with or liable

for the horse actually described in the writ, it can make no difference to him whether it be a horse which never existed, or one with which neither plaintiff nor himself ever had had any connection, or one which plaintiff actually did own. So far as defendant is concerned, it is exactly the same. He is liable for the horse which he actually converted. He knows that plaintiff in this action is seeking to enforce a claim for that animal because of the demand made upon him for it, and that it is the conversion of that horse that is intended to be complained of in the declaration. He is not misled by the faulty description.

Why, then, should he not be required to answer to the cause of action which he all the time has understood the plaintiff to be endeavoring to enforce against him?

But inasmuch as while they were together the demand was made for the horse then in the defendant's possession, the latter well knew, when the suit was brought against him, what horse was actually intended to be described in plaintiff's writ.

It was the horse demanded of him, and no matter what defect there might be in the description of that horse, it was simply a misdescription. He knows the cause of action and any failure to describe that horse is a mistake in pleading from which our liberal system of jurisprudence aims to relieve parties by allowing amendments either upon or without terms. Spaulding's Practice p. 313; *Ball* v. *Claflin*, 5 Pick. 303; *Walker* v. *Fletcher*, 74 Maine, 142; *Haynes* v. *Jackson*, 66 Maine, 93.

The defendant, by the demand made upon him, was informed of the claim actually made upon him. Any error made in describing the animal he knows, is a misdescription. He is not injured by this mistake, even if the description does cover another horse which some neighbor, or even the plaintiff may own.

*Abel Davis and J. W. Manson*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, JJ.

PETERS, C. J. One Pushor mortgaged to the plaintiff and others certain personal property, among which was one red

mare, seven years old, being the same purchased by Pushor of one Connor, and also another red mare, eight years old, which Pushor bought of one Smith. And the plaintiff afterwards by purchase from the co-owners became sole owner, as mortgagee, of both horses. After the mortgage was given, and subject to it, Pushor sold the Connor mare to the defendant; and what became of the other one does not here appear.

The plaintiff with his counsel went upon the premises of the defendant and there demanded a red mare of him which demand was refused. Thereupon the plaintiff brought an action of trover against the defendant for the conversion of a red mare, describing her in his declaration as "a red mare at that date eight years old, being the same mare that George A. Pushor purchased of John Smith." It becoming evident at the trial by the testimony introduced in defense of the action, that the defendant never had any possession of the Smith mare, the plaintiff asked leave to insert a new count in his writ, declaring upon the conversion by the defendant "of a red mare formerly owned by George N. Pushor." The presiding justice, as a matter of law and not merely of discretion, refused an allowance of the amendment, and the question now is whether that ruling was right or not.

More properly, perhaps, the motion should have been to be allowed to substitute the second count for the first, because under the two counts a recovery might be had for the two horses instead of one; but no such idea as that is entertained, and the real issue is whether, having declared for the horse bought by the mortgagor, Pushor, of Smith, the plaintiff can be legally allowed in any manner and under any terms to so amend his declaration as to recover for the horse which Pushor formerly purchased of Connor. We feel compelled to answer this inquiry in the negative.

The essential portion of the description, in the mortgage, of the two animals, and the only guide to distinguish between them is that one came by purchase from Smith and the other from Connor. They were of the same color, and their ages

were so nearly alike as to render that mark of description of no consequence.

One cannot sue another for one thing and recover for another and different thing. He cannot sue for the conversion of a horse and recover for the conversion of an ox, nor for one horse and recover for another horse. He cannot sue for the conversion of a horse known as the Smith horse and recover for the conversion of another horse known as the Connor horse, and still the motion by the plaintiff to amend is virtually asking leave to do so.

The cases cited in behalf of the plaintiff do not sustain his contention. In the case of *Haley* v. *Hobson*, 68 Maine, 167, relied on by plaintiff, it was held that a demand sufficiently described by the declaration in an action may be recovered in such action, although the plaintiff did not contemplate its recovery when his writ was sued out. This is because the declaration itself is the only criterion as to what is recoverable under it. Certainly that rule does not help the plaintiff in this action.

In *Walker* v. *Fletcher*, 74 Maine, 142, the authority most relied on for the plaintiff and one perhaps more nearly approaching towards supporting his proposition of amendment than any other, it was held that a plaintiff who sued another for negligently burning his "ash" lumber, might be allowed to amend by substituting in the declaration the word "birch" for "ash," the latter word having been inadvertently inserted. The amendment was allowed upon the ground that the pleader was intending to describe certain lumber but by mistake partially misdescribed it, the court holding that the amendment did not change the real cause of action at all. But it is plainly evident that, in the case at bar, the pleader in framing his declaration described the horse just as he intended to describe him. He made no mistake in his declaration. There was no slip of the mind or pen. His mistake was in supposing that the Smith horse was the one he was in pursuit of. And this very clearly distinguishes the present case from the case cited.

The limitations of the doctrine of amendment, as bearing on the present question, are stated in the case of *Dodge* v. *Haskell*,

69 Maine, 429, in the manner following: "The note was declared upon as dated November 23, 1869. The date in the count was amended so as to read August 23, 1869. The amendment was allowable. It does, in one sense, permit a new cause of action to be described, but not in the sense that the rule is to be understood. The declaration, amended, describes the note correctly; unamended, it described it incorrectly. Still, it identified it, there being but one note. As Jacob's L. Dic. has it, citing ancient authorities: 'If a thing which a plaintiff ought to have entered himself, being a matter of substance, is wholly omitted, this shall not be amended, but otherwise it is, if omitted only in part and misentered.' The reason of it is that it appears, from what is described, what was intended to be described. *Warren* v. *Ocean Ins. Co.* 16 Maine, 439. The nature of the cause of action was not changed. *Rand* v. *Webber*, 64 Maine, 191, has been erroneously supposed to allow an amendment to the extent of allowing the nature of the action to be changed. That case merely allowed a correction of the writ, already improvidently and improperly amended, that such a result might be avoided."

In *Stevenson* v. *Mudgett*, 10 N. H. 338, the idea of the doctrine is clearly expressed, where it is said: "An amendment which changes the alleged date of a contract, or the sum to be paid, or any particular of the matter to be performed, or the time or manner of performance, changes, in one sense, the cause of the action; but it is not in this sense that the rule is to be understood. Amendments of that character, so long as the identity of the matter upon which the action is founded is preserved, are admissible; the alteration being made, not to enable the plaintiff to recover for another matter than that for which he originally brought his action, but to cure an imperfect or erroneous statement of the subject matter, upon which the action was in fact founded. So long as the form of action is not changed, and the court can see that the identity of the cause of action is preserved, the particular allegations of the declaration may be changed, and others superadded, in order

to cure imperfections and mistakes in the manner of stating the plaintiff's case."

It may be unfortunate that the plaintiff will be prevented by the operation of the statutes of limitation from resorting to a new action to recover for the conversion of the right horse, but that will be the penalty to be suffered by him for entering an action in court and allowing it to sleep on the docket there eight years before bringing it to a trial.

*Exceptions overruled.   Judgment for the defendant.*