First National Bank of Lewiston *vs.* Albert H. Conant.

Androscoggin. Opinion, July 19, 1935.

*Donald W. Webber,* for plaintiff trustee.
*Seth May,* for defendant.

SITTING : PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

DUNN, J. The defendant had, within four months following general attachment of his real estate on the writ in this action, been adjudicated a voluntary bankrupt. The trustee in bankruptcy intervened, for the preservation of the lien, otherwise annulled, for the benefit of the estate. *Remington on Bankruptcy,* Secs. 627, 628. The defendant's wife, to whom he had, years before, conveyed the family home, but whose deed was not recorded until five days after the attachment, was joined as party defendant in the writ. She is defending. The question for decision is the propriety of the allowance by the trial court, of an amendment to the single count in the declaration.

The declaration, as originally drawn, on a negotiable promissory note, failed to describe the note as payable at "the banking rooms" of the payee. On perceiving this mistake in the manner of description, the bankruptcy trustee prosecuting moved for leave to amend, which was granted. Defendant excepted. Accompanying the bill of exceptions is a stipulation that if exception be not sustained, final appropriate judgment shall be entered.

The law is liberal in permitting a suitor to amend an insufficient statement of his cause of action. An intended cause, defectively set forth, may be corrected and made perfect. *Pullen* v. *Hutchinson,* 25 Me., 249 ; *Frost* v. *Cone Taxi and Livery Co.,* 126 Me., 409, 139 A., 227. Authority rests in statute and rule of court. *Anderson* v. *Wetter,* 103 Me., 257, 69 A., 105. Allowing an amendment which, in its nature, can be allowed, is within the sound judicial discretion of the trial judge. *Newall* v. *Hussey,* 18 Me., 249; *Garmong* v. *Henderson,* 112 Me., 383, 92 A., 322 ; *Fournier* v. *Great Atlantic & Pacific Tea Co.,* 128 Me., 393, 148 A., 147.

Amendments are always limited by a due consideration of the

rights of the opposite party; no amendment which is unfair to him will be allowed.

It follows from this that no new cause of action may be added or substituted by an amendment. *Newall* v. *Hussey,* supra; *Milliken* v. *Whitehouse,* 49 Me., 527; *Cooper* v. *Waldron,* 50 Me., 80; *Farmer* v. *Portland,* 63 Me., 46; *Lawry* v. *Lawry,* 88 Me., 482, 34 A., 273; *Anderson* v. *Wetter,* supra.

In the present case, the position of the defendant is that because of changing the form or ground of action, i.e., introducing a different cause than that meant to be put in suit, the amendment was not allowable. Plaintiff contends to the contrary.

What does or does not constitute the introduction of a new cause of action has given rise to many decisions.

Where an action was brought on a promissory note by an indorsee thereof, and the note was not negotiable, an amendment, striking out the name of the existing plaintiff and inserting that of the payee, was allowed. *Costello* v. *Crowell,* 134 Mass., 280.

In *Cain* v. *Rockwell,* 132 Mass., 193, the name of the plaintiff was amended from "Mary" Cain to "Ann" Cain, thus correcting a mere clerical error or misnomer, as the court there say.

*Cramer* v. *Lovejoy,* 41 Hun, 581, was an action on a promissory note. Amendment to an action for money lent, with an allegation that the note was given as security, was permissible.

In *Kellogg* v. *Kimball,* 142 Mass., 124, the declaration contained one count in tort and another in contract; it was demurred to because the two counts did not refer to the same primary right in the plaintiff. He was, however, allowed to strike out the count in tort, and include one based on the same cause as the count in contract.

*Warren* v. *Ocean Insurance Company,* 16 Me., 439, was begun on a policy of insurance. The plaintiff was permitted to amend by adding a new count, varying from the original only in the date of the policy declared on.

"If any error arises in misdescribing a contract or judgment in suit, it is a matter of discretion on the part of the presiding Judge, when and on what terms to permit its correction." *Cummings* v. *Buckfield Branch Rail Road,* 35 Me., 478.

Where a writ upon a policy of insurance did not set out the statute notice, an amendment was admissible. *Lewis* v. *Monmouth, etc., Ins. Co.,* 52 Me., 492.

In *Dodge* v. *Haskell,* 69 Me., 429, the note was declared upon as dated November 23, 1869. The date in the count was amended to August 23, 1869. In reference to the amendment, the court said:

"It does, in one sense, permit a new cause of action to be described, but not in the sense that the rule is to be understood. The declaration, amended, describes the note correctly; unamended, it described it incorrectly. Still, it identified it, there being but one note."

Obviously, the expression "there being but one note" meant the one note in litigation. It was not incumbent on the plaintiff, in moving to amend, any more than in suing, to negative the existence of any other note.

Whether the instant amendment introduced a new cause of action was determinable, not by the aid of extrinsic evidence, but, as a question of law, entirely by inspection of the original count with that proposed to take its place. *Haley* v. *Hobson,* 68 Me., 167.

*Nickerson* v. *Bradbury,* 88 Me., 593, 34 A., 521, quotes approvingly, touching the doctrine of admissible amendments, from *Stevenson* v. *Mudgett,* 10 N. H., 338, thus:

"An amendment which changes the alleged date of a contract, or the sum to be paid, or any particular of the matter to be performed, or the time or manner of performance, changes, in one sense, the cause of the action; but it is not in this sense that the rule is to be understood. Amendments of that character, so long as the identity of the matter upon which the action is founded is preserved, are admissible; the alteration being made, not to enable the plaintiff to recover for another matter than that for which he originally brought his action, but to cure an imperfect or erroneous statement of the subject matter, upon which the action was in fact founded. So long as the form of action is not changed, and the court can see that the identity of the cause of action is preserved, the particular allegations of the declaration may be changed,

and others superadded, in order to cure imperfections and mistakes in the manner of stating the plaintiff's case."

The amendment in the pending case falls within the authority to allow amendments. It is not a change in, but an addition to the description of the sole note in suit; there is no enlargement of right to recovery. The amendment is a legitimate step in the pursuit of judgment. It makes proper the introduction into the evidence, without disagreement between allegation and proof, of the very written promise for asserted breach whereof action was begun.

The exception is overruled.

To preserve the attachment lien, the case is remanded for the entry of judgment in favor of the prosecuting plaintiff.

*So ordered.*