TOWNSEND NATIONAL BANK vs. LEANDER E. H. JONES
& others.

Suffolk.    March 12, 1890. — May 10, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES,
& KNOWLTON, JJ.

*Amendment of Writ and Declaration — New Cause of Action — Notice —
Increase of ad Damnum — Discharge of Surety.*

A declaration recited in a single count the liability of the defendant as indorser of "a draft, a copy of which, with the indorsements thereon, is hereto annexed," arising upon the refusal of two firms, "the drawees therein named," to pay it. Annexed to the declaration were four drafts indorsed by the defendant, three drawn upon one of the firms, and the fourth upon the other. Subsequently the declaration, without notice to a surety on a bond to dissolve an attachment in the action, was amended so as to set forth accurately in four counts the defendant's liability as indorser of the same four drafts, each being fully described in a separate and distinct count. The writ was also amended by increasing the *ad damnum.* *Held,* that the surety was not discharged by the amendments.

CONTRACT against the sureties on a bond to dissolve an attachment in an action of contract brought by the plaintiff against Zopher R. Folsom. The defendant Jones alone defended. Trial in the Superior Court, without a jury, before *Bishop,* J., who reported the case for the determination of this court, in subtance as follows.

The declaration in the original action, in which the attachment was made, was as follows:

" And the plaintiff says, that Henry Mayo & Co. made a draft, a copy of which, with the indorsements thereon, is hereto annexed, payable to the order of themselves, who indorsed the same to the defendant, who indorsed the same to the plaintiff; and that the said draft was duly presented to George E. Deering & Co., of Portland, Me., and J. J. Burns & Co., of Gloucester, Mass., the drawees therein named, but they refused to accept the same, of all which the defendant had due notice. And the defendant owes the plaintiff the amount of said draft, and interest thereon."

Annexed to this declaration were copies of four drafts, aggregating in amount $5,787.38, drawn by Henry Mayo and Company

payable to the order of that firm, and indorsed by it and by Folsom, three of which were drawn upon George E. Deering and Company of Portland, Maine, and bore an acceptance by that firm, and the fourth upon J. J. Burns and Company of Gloucester, Mass., and bore an acceptance by that firm also. Thereafter the plaintiff, without notice to the sureties on the bond, was allowed to amend its declaration by substituting the following:

"And the plaintiff says, that Henry Mayo & Co. drew a draft upon Geo. E. Deering, of Portland, Me., for $1,391.41, payable to their own order, which draft was indorsed by said Henry Mayo & Co. and also by the defendant, a copy of which draft is hereto annexed, marked A. And the plaintiff says, that the said draft was duly presented and payment thereon was refused by the acceptor and the drawer, and that the defendant, the indorser, was duly notified thereupon. And the plaintiff says, that it is the holder of said draft for value, viz. the face value thereof, and that he now holds the same, and has never received the payment thereon, or any part thereof.

"Second count. The plaintiff says, that Henry Mayo & Co. drew a draft upon Geo. E. Deering & Co., payable to their own order, for $1,157.39, which draft was indorsed by Henry Mayo & Co. and also by the defendant. A copy of said draft is hereto annexed, marked B. Said draft was duly presented, and payment thereof refused by the acceptor and drawer, and the defendant, the indorser, was duly notified of the dishonor of the said draft. The plaintiff further says, that he is the holder of said draft for value, and the said draft has never been paid, wherefore the defendant owes him the amount of said draft, with interest.

"Third count. The plaintiff says, that Henry Mayo & Co. drew a draft upon J. J. Burns & Co., payable to their own order, for $2,159.39, which draft was indorsed by Henry Mayo & Co. and also by the defendant. A copy of said draft is hereto annexed, marked C. Said draft was duly presented, and payment thereof refused by the acceptor and drawer, and defendant, the indorser, was duly notified of the dishonor of the said draft. The plaintiff further says, that he is the holder of the said draft for value, and the said draft has never been paid, wherefore the defendant owes him the amount of said draft, with interest.

"Fourth count. The plaintiff says, that Henry Mayo & Co.

drew a draft upon Geo. E. Deering & Co., payable to their own order, for $1,079.21, which draft was indorsed by Henry Mayo & Co. and also by the defendant. A copy of said draft is hereto annexed, marked D. Said draft was duly presented, and payment thereof refused by the acceptor and drawer, and the defendant, the indorser, was duly notified of the dishonor of the said draft. The plaintiff further says, he is the holder of the said draft for value, of which no part has ever been paid, wherefore the defendant owes him the amount of said draft, with interest."

Copies of the same four drafts that were appended to the original declaration were annexed to the substituted declaration, and were marked as therein recited.

The *ad damnum* named in the writ in the original action was seven thousand dollars, but before the execution of the bond in question was by the consent of parties reduced to six thousand dollars, and the bond was given in that penal sum. Subsequently the *ad damnum* was, by reason of accrued interest on the drafts, upon the motion of the plaintiff and without notice to the sureties on the bond, restored by an amendment of the writ to the original amount. Folsom went into insolvency, and a special judgment was rendered in favor of the plaintiff, which judgment remained unsatisfied.

The judge ruled, as matter of law, that the effect of the amendment to the writ and declaration was to release the defendant from his liability as surety, and that the plaintiff could not recover, and found for the defendant. If the ruling was correct, judgment was to be entered for the defendant; otherwise, the finding was to be set aside, and a new trial granted.

The case was argued at the bar in March, 1890, and afterwards was submitted on the briefs to all the judges, except *Morton*, C. J.

*A. Russ & L. M. Clark*, for the defendants.

*G. O. Shattuck & L. M. Child*, for the plaintiff.

DEVENS, J. By the Pub. Sts. c. 167, § 42, an amendment may be allowed at any time before final judgment in a civil suit, "changing the form of the action, and in any other matter either of form or substance, in any process, pleading, or proceeding which may enable the plaintiff to sustain the action for the cause for

which it was intended to be brought, or the defendant to make a legal defence." By § 85, the cause of action is deemed to be the same for which the action was brought, when it is made to appear to the satisfaction of the court that it is the same cause of action which was relied on when his action was commenced, however it was misdescribed, and the adjudication of the court allowing the amendment is conclusive evidence of the identity of the cause of action. The same section further provides, that " no subsequent attaching creditor or purchaser of property attached in the suit, or bail, or any person other than the parties to the record, shall be bound by such adjudication, unless he has had due notice of the application for leave to amend, and opportunity to be heard thereon, according to an order of notice to that effect, to be issued by the court upon application of the plaintiff, and such third parties shall have the right to except or appeal."

The effect of this latter clause is to provide that no person other than the parties to the suit can be injuriously affected or subjected to any liability not already existing by force of such an adjudication, unless he has in the legal manner been made a party, with the right of exception or appeal. Where no notice such as that for which the statute provides has been given, it must be determined in subsequent proceedings, in which such third person is a party, whether an amendment which has been allowed really introduced a new cause of action, or merely covered errors of description. *Tucker* v. *White*, 5 Allen, 322, 323. While the adjudication is conclusive on the principal, as the large power of amendment conferred on the court was known to the defendant, who in the case at bar is a surety, he has no ground of complaint, nor is he discharged from his obligation if the amendment only describes the same causes of action technically and accurately which were imperfectly described in the declaration, but of which he had notice when he became a surety on the bond to dissolve the attachment on the plaintiff's goods. The surety cannot take advantage of formal defects made by the plaintiff in stating his case. Unless the effect of the amendment would be to impose on him a greater liability than he had originally assumed by letting in a new cause of action, he is not released because of its allowance. *Fairfield* v. *Baldwin*, 12 Pick. 388. *Wood* v. *Denny*, 7 Gray, 540. *Ball* v.

*Claflin*, 5 Pick. 303, 305.   *Haven* v. *Snow*, 14 Pick. 28, 33.   *Lord* v. *Clark*, 14 Pick. 223.   *Kellogg* v. *Kimball*, 142 Mass. 124.   *Doran* v. *Cohen*, 147 Mass. 342.   *Lanahan* v. *Porter*, 148 Mass. 596.

In *Doran* v. *Cohen, ubi supra,* the plaintiff declared that the defendant had so negligently managed his steamboat as to run down the plaintiff's sail-boat, whereby it was rendered useless, and that the plaintiff was damaged to the extent of its value "and otherwise."   A second count, without notice to the surety, was subsequently added, declaring for injury to his person by the same tortious act.   It was held that a surety on a bond to dissolve an attachment was not discharged.   Applying the principles of *Doran* v. *Cohen* to the original declaration in the case at bar, notwithstanding its awkwardness, it will be seen that the amended declaration sets forth no new cause of action, but describes only more intelligibly those upon which the plaintiff sought to recover; and that the surety, if he had examined the original declaration, would have seen that the plaintiff was seeking to recover on each of the four drafts now accurately set forth in the amended declaration.   The count describes a draft made by Henry Mayo and Company, a copy of which, with the indorsements thereon, is hereto annexed, payable to the order of themselves, who indorsed the same to the defendant, who indorsed the same to the plaintiff; it alleges the presentation of the same to George E. Deering and Company and J. J. Burns and Company, the drawees therein named, their refusal to accept, and notice to the defendant, and that the defendant owes the amount thereof.   While the original declaration recited a "refusal to accept," this was obviously a clerical error for a refusal to pay, as each draft bore upon it an acceptance.   Annexed to this declaration were copies of four drafts, the same that are now fully and formally set forth in the amended counts.   The declaration uses the singular number, and does not accurately describe either draft, as neither was drawn both upon George E. Deering and Company and J. J. Burns and Company, three being drawn on George E. Deering and Company, and the fourth upon J. J. Burns and Company.   All were drawn by Henry Mayo and Company, payable to their own order, indorsed by them to the defendant, and by the defendant to the plaintiff.   Notwithstanding the singular number is used in the count, the fact that copies of

the four drafts are annexed to the count, all signed and indorsed by Henry Mayo and Company, and indorsed by the defendant, and that the drawees named in the count are not together drawees in any one draft, but individually in the several drafts, sufficiently show that the causes of action relied on, however the same were misdescribed, were the four drafts of which copies were annexed. While in terms the plaintiff did not say that he was seeking to recover on each of these four drafts, the copies could not have been annexed for any other reason. Nor could the defendant surety have doubted that such was the object of the plaintiff, had he examined the original declaration with the copies annexed thereto. Imperfect as this was, the amendment did not introduce any new or additional claim, but set forth accurately what had been clumsily and informally described; this would not discharge the bond, or release the surety.

Nor is the surety discharged by a mere change in the *ad damnum* named in the writ. The liability of the surety is for the penal sum in the bond, with interest. In fixing a penal sum in the bond to dissolve an attachment, he has limited his liability to that amount. So long as no new cause of action has been introduced, his rights have not been affected. He has consented to become responsible, to the amount of the penal sum in his bond, for that which the plaintiff might recover upon the cause of action on which his writ was brought, however the same might have been described. No recovery of a larger sum thereon can affect this liability. If a different and additional cause of action had been introduced into the plaintiff's writ, whether the *ad damnum* had been increased or not, the defendant would have ground of objection, unless it could be clearly shown that the plaintiff had recovered only on the original cause of action. The liability of the surety is similar to the liability of bail, and where this liability is not increased, the increase of the *ad damnum* does not discharge the bail. *Martin* v. *Moor*, 2 Strange, 922. *Seeley* v. *Brown*, 14 Pick. 177, 180. *Knight* v. *Dorr*, 19 Pick. 48. Unless it is shown that the surety has been, or may have been, injured by the increase of the *ad damnum*, there is no reason why he should be released from his responsibility.

A majority of the court are therefore of opinion, that the finding should be set aside, and a                    *New trial granted.*