SAMUEL J. McNEILLY *vs.* CORNELIUS F. DRISCOLL & others.

Norfolk.    January 16, 1911. — March 3, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Evidence*, Presumptions and burden of proof.  *Surety.*  *Bond*, To dissolve attachment. *Practice, Civil*, Amendment of writ, *Ad damnum*.

Where in a bill of exceptions it is stated that on the day a writ was entered in a municipal court the *ad damnum* of the writ was increased to an amount named " by agreement of counsel," yet, if a statement of the increase of the *ad damnum* appears as one of the docket entries in a certified copy of the record of the court in which the case was pending, it will be assumed that the amendment by agreement of counsel received the approval of the court.

Where a bond to dissolve an attachment has been given for the penal sum of $500, and the *ad damnum* of the writ in the action in which the attachment was made is only $300, a surety on the bond is not released from liability by an amendment of the writ after the execution of the bond increasing the *ad damnum* to $500, the penal sum of the bond.

CONTRACT against the principal and two sureties upon a bond to dissolve an attachment made by trustee process in an action brought in the Municipal Court of the City of Boston. Writ in the Municipal Court of Brookline dated January 15, 1909.

The action was defended only by Annie McGuire, one of the sureties on the bond. In her answer, after a general denial, she

alleged that after she had signed the bond as surety the *ad damnum* of the writ in the action in which the attachment was made was raised from $300 to $500 without her consent and without any notice to her, whereby she alleged that she was released and discharged from all liability on the bond.

On appeal to the Superior Court the case was tried before *Stevens,* J., without a jury. The facts appeared in evidence which are stated in the opinion. The defendant Annie McGuire asked the judge to rule that the plaintiff was not entitled to recover against her and also asked for other rulings. The judge made the seventh ruling requested by that defendant, which was as follows: ". Where an amendment of the *ad damnum* of the writ has the effect of increasing the liability of the surety, the surety is released." The judge refused to make any of the other rulings requested by the defendant Annie McGuire, and found for the plaintiff against that defendant in the sum of $532. That defendant alleged exceptions.

*W. Motley,* for the defendant Annie McGuire.

*E. J. Welsh,* for the plaintiff, submitted a brief.

RUGG, J. This is an action of contract upon a bond given to dissolve an attachment. The action was commenced by trustee process by the present plaintiff against the principal defendant. The *ad damnum* in the writ was $300, but in the recital of that clause, which authorized the attachment of goods and estate in the hands of trustees, it was stated that the defendant had not in his possession property to the value of $500. Before the return day of the writ the bond, upon which the present action is brought, was executed in the penal sum of $500. The description of the writ given in the bond recited the attachment to have been made for $500. On the day when the writ was entered in court, which was three days after the date of the bond, the *ad damnum* was increased to $500. Although this was by agreement of counsel, it is certified as a part of the docket entries in the case, and hence must be assumed to have received the approval of the court. The question is whether the surety is discharged by reason of this increase in the *ad damnum* of the writ.

It is perhaps to be inferred that the $300 which first appeared in the writ as the *ad damnum* was a clerical error, inasmuch as

the recital of it in the trustee clause and in the bond was $500. However that may be, the surety must be held. The defendants gave a bond in a fixed sum. It was within the power of the court, under R. L. c. 173, § 48, to increase the *ad damnum* of the writ. It must be assumed that the bond was given, subject to this, as well as all other, existing laws affecting the sureties' liability and in contemplation of the possibility of such action by the court. It is not claimed that any new cause of action was introduced.

The point now raised seems to be concluded in favor of the plaintiff by what was said by Devens, J., in *Townsend National Bank* v. *Jones*, 151 Mass. 454, at 459: "The liability of the surety is for the penal sum in the bond, with interest. In fixing a penal sum in the bond to dissolve an attachment, he has limited his liability to that amount. . . . He has consented to become responsible, to the amount of the penal sum in his bond, for that which the plaintiff might recover upon the cause of action on which his writ was brought. . . . The liability of the surety is similar to the liability of bail, and where this liability is not increased, the increase of the *ad damnum* does not discharge the bail. *Martin* v. *Moor*, 2 Strange, 922. *Seeley* v. *Brown*, 14 Pick. 177, 180. *Knight* v. *Dorr*, 19 Pick. 48." The present case in its facts goes slightly farther than those then before the court. The bond there was for the same sum as the *ad damnum* of the writ, but the latter was subsequently raised. The controlling principle is the same. The penal sum of the bond marks the limit of the sureties' liability, but within that limit any step in the procedure, authorized by law, as to the cause of action incorporated into the bond by reference to the writ, may be taken without discharging the surety. All such action is within the scope of the obligation of the bond. So long as the surety is not required to pay a larger sum than is named in the penal sum of the bond, he has no right to complain of any change in the *ad damnum* of the writ. If it was his intention to limit his liability to the *ad damnum* stated in the writ, the penal sum of the bond should have been likewise limited. There are contrary authorities and there is a sentence by way of dictum in *Knight* v. *Dorr*, 19 Pick. 48, at page 49, which taken literally supports an opposite result. But in reason there is no sound

ground for holding that one, who has bound himself by formal bond of suretyship to be responsible for any judgment obtained in a named cause of action up to a definite sum, is discharged merely because, according to due process in the courts, a larger judgment is recovered than would have been possible when the bond was executed, provided it is within the amount fixed by the bond. See *William W. Bierce, Limited,* v. *Waterhouse,* 219 U. S. 320, 334; *Commonwealth* v. *Teevens,* 143 Mass. 210; *Driscoll* v. *Holt,* 170 Mass. 262; *Doran* v. *Cohen,* 147 Mass. 342; *Kellogg* v. *Kimball,* 142 Mass. 124; *Morton* v. *Shaw,* 190 Mass. 554; *Rogers* v. *Abbot,* 206 Mass. 270; *Dunsmoor* v. *Bankers Surety Co.* 206 Mass. 23; *Hare* v. *Marsh,* 61 Wis. 435; *New Haven Bank* v. *Miles,* 5 Conn. 587.

*Exceptions overruled.*