ISABELLE G. SAVAGE *vs.* ANASTASIA A. WELCH & others.

Suffolk.     March 20, 1923. — September 13, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Bond,* To dissolve attachment. *Evidence,* Docket entries. *Surety. Attachment. Jurisdiction. Judgment. Practice, Civil,* Amendment, Rules of court, Notice. *Notice. Constitutional Law,* Due process of law.

In an action upon a bond to dissolve an attachment, docket entries in the action in which the bond was given are admissible to prove facts relating to the allowance therein of a motion for leave to file a substitute declaration after judgment.

The only method for the correction of entries upon the docket of a court is by order of the court whose proceedings they purport to record: unless and until corrected, docket entries stand as incontrovertible proof of the proceedings they set forth. Per RUGG, C.J.

In an action at law, wherein the court had jurisdiction of the cause of action and of the parties, the defendant and a surety gave a bond to dissolve an attachment. After judgment, the court without notice to the defendant or to the surety allowed a motion for leave to file a substitute declaration. The judgment afterwards not being satisfied, the plaintiff brought an action upon the bond to dissolve attachment. *Held,* that in the collateral proceeding upon the bond the defendant in the original action could not attack the validity of the judgment.

The declaration in an action of contract against a woman and a man was in a single count, stating that "the defendant made a promissory note" payable to the order of one S, copy of which with indorsements thereon was annexed, that the plaintiff was the holder for value and that "the defendant owes the plaintiff the amount of said note with interest." The copy annexed was of a note made by the woman payable to S and first indorsed in blank

by the man and then by S. The defendants and a surety gave a bond to dissolve an attachment. The action was heard by an auditor under an agreement that his findings of fact should be final and he heard and determined all issues against the woman as maker and the man as indorser. Judgment was entered on the auditor's report. Thereafter, without notice to either defendant or to the surety upon the bond, a motion was allowed as of the date of the filing of the original declaration for leave to file a substitute declaration in two counts, the first count being against the woman as maker of the note, and the second against the man as indorser. In an action subsequently brought upon the bond against the man and the woman and the surety, the surety contended that in the circumstances he was relieved from liability by the allowance of the amendment to the declaration. *Held*, that

(1) It was open to the surety to raise only two main questions: whether the action of the court allowing the motion for leave to file a substitute declaration was within its jurisdiction, and whether such action so far adversely affected the surety's rights as to relieve him of liability;

(2) In the circumstances, the court under G. L. c. 231, § 56, had jurisdiction to determine that the motion should be allowed in affirmance of judgment because justice so required;

(3) Although the liability of the two defendants, one as maker and the other as indorser, was not clearly pleaded in the original declaration, it was plain that under G. L. c. 231, § 4, they might have been joined in a single count, and that the only purpose of joining both as defendants in one action and declaring on the note was to hold both liable in accordance with their respective obligations in law;

(4) Even if there had been error of the court in construction and application of Rule 5 of the Superior Court (1915), which was not intimated, such error would not have affected its jurisdiction;

(5) The reference to the auditor under agreement that his findings of fact should be final did not limit the jurisdiction of the court to allow amendments to the pleadings;

(6) The legal rights of the surety were not affected by the action of the court as to the allowance of the amendment to the declaration in the original action, it appearing that the original action was tried on the merits on the issues raised by the substitute declaration touching the liability of both defendants on the note in accordance with their respective obligations on it, that no new cause of action was introduced by the substitute declaration and that the amount for which the surety could be held liable was not changed thereby;

(7) It *was stated* that it was doubtful whether Rule 5 of the Superior Court (1915), requiring the sending to the adverse party of a copy of a proposed amendment, applied to a case of this sort;

(8) *It seems*, that the allowance of the motion to file the substitute declaration without compliance with Rule 5 of the Superior Court (1915) and without a hearing, in the particular circumstances above described, was within the power of the court;

(9) No federal question as to unconstitutionality of the action of the court in allowing the motion for leave to file a substitute declaration was open to the surety;

(10) Even if such constitutional question were open to the surety and Rule 5 of the Superior Court (1915) were assumed to be applicable, no impairment of the surety's constitutional rights was shown, as no act by a State depriving the surety of his property without due process of law was disclosed, but, at most, only erroneous rulings of law committed by the trial judge in the original action when acting within his jurisdiction.

Constitutional rights must be seasonably asserted in conformity to established rules or they will not be entertained.

CONTRACT upon a bond to dissolve an attachment given by Anastasia A. Welch (sometimes known as Welsh or Walshe), and William J. Welch as principals and Massachusetts Bonding and Insurance Company as surety. Writ dated January 4, 1922.

The condition of the bond was as follows:

" The condition of this obligation is such, that whereas said Isabelle G. Savage has caused the Goods and Estate of said Anastasia A. Welch sometimes known as Anastasia A. Walshe and William J. Welch to the value of One Thousand ($1000.00) dollars, to be attached on mesne process, in a civil action, by virtue of a writ bearing date the 12th. day of March, A.D. 1915, and returnable to the Superior Court to be holden at Boston within and for the County of Suffolk in said Commonwealth, on the first Monday of April, 1915; in which writ said Isabelle G. Savage is plaintiff, and said Anastasia A. Welch sometimes known as Anastasia A. Walshe and William J. Welch are defendants. And whereas said defendants wish to dissolve the said attachment, according to law: Now therefore, if the above-bounden Anastasia A. Welch sometimes known as Anastasia A. Walshe and William J. Welch shall pay to the plaintiff in said action the amount, if any that he may recover therein, within thirty days after the final judgment in said action; and also shall pay to the plaintiff in said action, within thirty days after the entry of any special judgment in said action, in accordance with Chapter 177 of the Revised Laws of the Commonwealth of Massachusetts, the sum, if any, for which said judgment shall be entered; and also if the above-named sureties shall pay to the said plaintiff within thirty days after the entry of any special judgment in said action, in accordance with Section 25 of said Chapter, the sum, if

any, for which said judgment shall be entered; then the above-written obligation shall be null and void; otherwise it shall remain in full force and virtue."

The pleadings are described in the opinion. In the Superior Court, the action was tried before *Weed, J.* The entire docket entries in the original action in the Superior Court were as follows:

"1915  April   5,  Entered declaration filed.

"      "       7,  Defendants' claim of Jury.

"      "      27,  Defendants' Answer.

1921  June    21,  Plaintiff's motion that case be allowed to remain on docket, allowed by Court.

"      "      23,  Clarence L. Newton, Esq., appointed Auditor; hearings to begin July 15, 1921.  Report to be filed on Aug. 15, 1921, by agreement in open Court, findings of fact to be final.

"      "      23,  Rule issued.

"     Aug.    10,  Auditor's report.

"      "      16,  Plaintiff's motion for judgment on Auditor's report.

"      "      24,  Motion for judgment allowed, judgment not to be entered before the second Monday of September.

"      "      24,  Motion to vacate order for judgment.

"     Sept.   28,  Motion to vacate order for judgment dismissed.  (Declaration to be amended. No judgment until amended.)

"     Nov.     2,  Plaintiff's motion for leave to file substitute declaration as of date of April 5, 1915, filed and allowed.

"      "       2,  Plaintiff's substitute declaration allowed.

"     Oct.    24,  Judgment for the plaintiff.

Damages $936.14

Costs        40.86

Exon. November 7, 1921."

Material evidence and rulings asked for by the defendants are described in the opinion.  By order of the judge, the jury found for the plaintiff and the judge ordered judgment

for the plaintiff in the penal sum of the bond and interest, $1,050.67, and, the parties having waived their right to have the amount for which execution should issue determined by a jury, he determined and awarded an execution for the sum of $1,033.18 and reported the action for determination by this court upon a stipulation of the parties that, if the ordering of a verdict for the plaintiff was wrong, judgment was to be entered for the defendants; otherwise, the verdict and judgment were to stand and execution was to issue as ordered.

Pertinent statutory provisions are as follows:

G. L. c. 231, § 4: " All or any of the persons severally liable upon written contracts, including bills of exchange and promissory notes, may be joined in one action. The declaration shall describe the several contracts, and may contain one count against all the defendants, or several counts against the several defendants. The court shall make such order for the separate trial of the issues as may be convenient, and shall enter several judgments according to the several contracts and issue one or more executions."

G. L. c. 231, § 56: " The court in which a judgment has been rendered, or to which it has been removed by writ of error, may, if justice so requires and the amendment is in affirmation of the judgment, allow formal defects or imperfections in the record or proceedings to be corrected or amended."

*J. H. Devine*, for the plaintiff.

*P. H. Kelley*, for the defendants.

RUGG, C.J. This is an action against the principals and surety on a bond given to dissolve an attachment made in an earlier action in our Superior Court by the plaintiff against the principals on the bond as defendants. The declaration in the present case alleges recovery by the plaintiff of judgment for damages and costs in the earlier action, and that the defendants did not pay the amount thereof within thirty days after rendition of that judgment, and that thereby there was breach of the condition of the bond. The answers of the several defendants herein plead general denial and that judgment in the prior action was rendered, not on the

original declaration but on an amended declaration allowed without notice to either defendant or to the surety on the bond to dissolve the attachment. The defendants admitted the execution and delivery of the bond.

The declaration as originally filed in the earlier action was in a single count and in substance was that " the defendant made a promissory note " payable to the order of one Stanley, copy of which with indorsements was annexed, that the plaintiff was the holder for value, and " the defendant owes the plaintiff the amount of said note with interest." The copy annexed to that declaration was of a promissory time note in due form, then overdue, made by the defendant Anastasia A. Walshe and first indorsed in blank by the defendant William J. Walshe, waiving demand, notice and protest, and indorsed without recourse by the payee. The defendants filed a joint answer pleading general denial, payment, and want of consideration, and denying the genuineness of the signatures and demanding proof of signatures. The case was referred to an auditor upon agreement that his findings of fact were to be final. The auditor's report disposed of all issues raised by the pleadings adversely to the defendants and in favor of the plaintiff. Motion for judgment in accordance with the auditor's report was made and allowed to take effect at a future date. Thereafter the plaintiff moved for leave to file a substitute declaration in two counts, the first in proper form alleging liability of the defendant Anastasia A. Walshe, as maker, and the second in proper form alleging liability of the defendant William J. Walshe, as indorser, of the same note, copy of which was annexed to the original declaration. The pertinent docket entries were:

" 1921, Aug.   24.   Motion to vacate order for judgment.
     „     Sept.  28.   Motion to vacate order for judgment dismissed. (Declaration to be amended. No judgment until amended.)
     „     Nov.   2.    Plaintiff's motion for leave to file substitute declaration as of date of April 5, 1915, filed and allowed.
     „     Nov.   2.    Plaintiff's substitute declaration allowed."

The motion to file the substitute declaration was allowed as of the date when the original declaration was filed.

It was admitted that no notice of the filing and allowance of the substitute declaration was in fact sent to the defendants in the earlier action or to the surety on the bond to dissolve the attachment, and that the defendants were not heard in relation thereto.

At the trial in the Superior Court a verdict was directed for the plaintiff. By consent of parties the amount for which execution should issue was fixed by the court. The case was reported to this court on the stipulation that if the order directing verdict was wrong, it is to be vacated, otherwise judgment and execution for plaintiff.

The docket entries were admissible. They are a part of the record of the court. They import incontrovertible verity. They cannot be contradicted. They stand as final. The only method for their correction is by order of the court. *Cote* v. *New England Navigation Co.* 213 Mass. 177, 179. The truth of records of our Superior Court is a different matter from jurisdiction of a court of a foreign jurisdiction over the parties which may be attacked in any appropriate proceeding in our courts. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 206 to 215.

It is apparent from this narration of facts that the Superior Court had jurisdiction of the cause and the parties in the earlier action. The judgment entered therein was a domestic judgment of a court of general common law jurisdiction. The validity of such a judgment cannot be attacked or impeached by the parties in any collateral proceeding. That is too well settled by authority to be open to discussion. The reason for this is that the remedy by review or writ of error is held to be more appropriate, and therefore exclusive. *Hendrick* v. *Whittemore,* 105 Mass. 23. *Joyce* v. *Thompson,* 229 Mass. 106. *Heard* v. *Calkins,* 234 Mass. 526.

It follows from this principle that neither of the defendants in the earlier action can assail in the present action the allowance of the motion to file the substitute declaration. They had ample opportunity in other ways for the protection of whatever rights they had, if any.

The surety on the bond as a defendant in this action is not bound by the allowance of the motion to file the substitute declaration in the same way and manner and to the same extent as were the original defendants. The presumption as between parties to a proceeding in our courts that amendments to a declaration when allowed by the court are for the identical cause for which the action was brought, *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 5, 6, does not bind the surety. G. L. c. 231, § 138. *Tucker* v. *White,* 5 Allen, 322. *Mathews Slate Co.* v. *Sweeney,* 219 Mass. 285. *Salvin* v. *Sidman,* 230 Mass. 278.

The surety is not permitted to raise now all the questions which would have been open to a party defendant to the original cause. This surety cannot raise all the objections to the allowance of the motion to file the substitute declaration which might have been urged by the defendants in the original action at the time of its allowance. The obligation assumed by the surety upon the bond was to be bound if the amount which the plaintiff might recover in the earlier action was not paid within thirty days after the final judgment. He did not thereby become a party to the original action, nor assume its direction in behalf of the principals on the bond. He did not agree to defend it. The defence of that action was left by the surety wholly in the hands of the defendants who were principals on the bond. Therefore the surety was bound to take that litigation as it was left by the original defendants, principals to the bond, so far as concerns the cause of action pending at the time the bond was given. See *Forbes* v. *Allen,* 240 Mass. 363, 366, and *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 422. No matter how many errors of law were committed touching the conduct of that litigation, so long as it was confined to the cause of action as to which the surety assumed suretyship and there was no collusion as to the judgment, the surety has no right to complain in an action against him on the bond. The surety in a sense was represented by the principals as defendants in the earlier litigation. *Washington Ice Co.* v. *Webster,* 125 U. S. 426, 444, 446. *Stovall* v.

*Banks,* 10 Wall. 583.  *William W. Bierce, Ltd.* v. *Water-house,* 219 U. S. 320.

It must be presumed that the motion to file the substitute declaration was allowed rightly so far as concerned the original defendants.

At this stage of the proceedings the surety can raise only two main questions: (1) the jurisdiction of the court to allow the motion, and (2) the adverse effect upon his rights of the allowance of the motion.

1. It is manifest that the court had jurisdiction to allow the motion. It is common practice to allow amendments to declarations after a trial before an auditor in order to make the pleadings conform to the actual issues tried. *Fisher* v. *Doe,* 204 Mass. 34, 38, 39, and cases there collected. If the court made an error of law in dealing with the motion to file the substitute declaration while acting within his jurisdiction, that is not defect of jurisdiction. If he erred in his construction of Rule 5 of the Superior Court (1915), or any other rule of procedure or correct step in practice, or overlooked it altogether, that did not affect the jurisdiction of the court to allow the motion to file a substitute declaration. It had jurisdiction of the cause of action and of the parties. *Paige* v. *Sinclair,* 237 Mass. 482, and cases collected. *Goulis* v. *Judge of District Court, ante,* 1. After a court of general jurisdiction has acquired jurisdiction of the cause of action and the parties, the jurisdiction of the court to proceed to judgment is not affected by failure to observe technical rules of procedure or practice. Of course there is ample remedy for errors of that sort committed by the court, but its jurisdiction is not lost.

Plainly the reference to the auditor under agreement that his findings of facts should be final did not limit the jurisdiction of the court to allow amendments to the pleadings. The power of the court cannot be constricted in that way. No contractual rights of parties are involved in such procedure as here is complained of.

Our practice is very broad as to the allowance of amendments of pleadings. Plainly the allowance of this motion to file a substitute declaration was within the jurisdiction

of the court. *Herlihy* v. *Little*, 200 Mass. 284. *Lowrie* v. *Castle*, 225 Mass. 37, 39. *Hall Publishing Co.* v. *MacLaughlin*, 230 Mass. 534. *Commonwealth* v. *National Contracting Co.* 201 Mass. 248, 250. G. L. c. 231, § 51. Amendments can be allowed at any time before final judgment. *Childs* v. *Boston & Maine Railroad*, 213 Mass. 91. *Day* v. *Mills*, 213 Mass. 585, 587. *Laxton* v. *Hay*, 211 Mass. 463. If the allowance of the substitute declaration was after judgment, as appears by the docket entries, it was in affirmance of the judgment and must be presumed to have been allowed on the ground that justice so required. The fact is in accordance with the presumption, as appears later. G. L. c. 231, § 56. *Walker* v. *Boston & Maine Railroad*, 3 Cush. 1, 11. *Wingate* v. *Commonwealth*, 5 Cush. 446. *Kendall* v. *Carland*, 5 Cush. 74. *Chaffee* v. *Pease*, 10 Allen, 537, 538. It follows that there was no defect in jurisdiction of the court to pass upon the motion to file a substitute declaration.

2. The surety is confined in the present action to contesting the effect of the substitute declaration on his rights as defendant in the case at bar. *Diettrich* v. *Wolffsohn*, 136 Mass. 335. *Norris* v. *Anderson*, 181 Mass. 308, 314. A change in the declaration bringing in a new cause of action manifestly may affect the right of the surety. He may raise that question in this proceeding.

It is plain on the precise authority of several decisions, that the legal rights of the surety were not affected by the allowance of the motion to file the substitute declaration. The facts in *Doran* v. *Cohen*, 147 Mass. 342, were that the original declaration alleged property damage to a sailboat of the plaintiff resulting from a collision with a steamboat of the defendant through the latter's negligence. An amendment was allowed, without notice to the surety upon a bond given to dissolve an attachment made on the writ, whereby a new count was added setting out damage to the plaintiff through personal injuries sustained by the same collision. It was held that the surety was not discharged because the amendment did not introduce a new cause of action but only additional injury arising out of the same cause of action. It was said by Chief Justice Morton in the opin-

ion, " The sureties upon a bond to dissolve an attachment are not discharged by an amendment of the declaration, unless its effect is to let in a new cause of action, and thus to impose upon them a liability greater than that which they assume by signing the bond. The original declaration may be imperfect and insufficient, but any amendment to cure such defect will not discharge a surety or release bail, unless it introduces a new cause of action." In *Townsend National Bank* v. *Jones,* 151 Mass. 454, the original declaration set forth in a single count liability of the defendant as indorser of " a draft, a copy of which " was annexed. Copies of four drafts were annexed. Subsequently an amendment was allowed to the declaration without notice to the surety on a bond previously given to dissolve the attachment so as to describe accurately in four distinct counts liability of the defendant as indorser on each of the four drafts. The surety was held not to be discharged. The case at bar is fully covered by that adjudication. To the same general effect are other authorities. *Driscoll* v. *Holt,* 170 Mass. 262. *Morton* v. *Shaw,* 190 Mass. 554. *McNeilly* v. *Driscoll,* 208 Mass. 293. *Brown* v. *Howe,* 3 Allen, 528. *Wood* v. *Denny,* 7 Gray, 540. *Bollwerk* v. *Hirshon,* 227 Mass. 375. *Connelly* v. *Dionne Trucking, Inc.* 236 Mass. 460. *William W. Bierce, Ltd.* v. *Waterhouse,* 219 U. S. 320, 334.

Although the liability of the two defendants, one as maker and the other as indorser, was not clearly pleaded in the original declaration, plainly the only purpose of joining both as defendants in one action and declaring on the note was to hold both liable in accordance with their respective obligations in law.

Anastasia A. Walshe was the sole maker of the note. The name of William J. Walshe, who was not payee, appeared first on the back of the note. From the auditor's report it is apparent that he signed the note before its delivery. Before the passage of the negotiable instrument act he would have been jointly and severally liable as maker with Anastasia A. Walshe. *Union Bank* v. *Willis,* 8 Met. 504. The passage of St. 1874, c. 404, which required demand and notice in order to hold parties signing in that way, still left unimpaired

their liability as maker jointly and severally with those signing as such on the face of the note. *National Bank of Republic* v. *Delano,* 185 Mass. 424. But by the negotiable instrument act, St. 1898, c. 533, §§ 63, 64, now G. L. c. 107, §§ 86, 87, that law was changed and a person so signing now is made an indorser as to all persons. *Thorpe* v. *White,* 188 Mass. 333. *Liberty Trust Co.* v. *Tilton,* 217 Mass. 462. *Fourth National Bank of Boston* v. *Mead,* 216 Mass. 521. Under the statutory law as it now stands both the defendants in the earlier action could not have been held jointly liable on the note. Those defendants did not demur to the declaration. By G. L. c. 231, § 4, the maker and indorser of a promissory note may be joined as defendants in one action, although severally liable. That action, therefore, rightly was brought against both defendants. *Fuller* v. *Morse,* 4 Gray, 294. *Colt* v. *Learned,* 118 Mass. 380, 382. *Foster* v. *Leach,* 160 Mass. 418. *New York Trust Co.* v. *Brewster,* 241 Mass. 155, 163. The first declaration in the earlier action would have been good against both defendants before 1899, when the negotiable instrument act took effect. *Brooks* v. *Stackpole,* 168 Mass. 537. The cause of action in the earlier proceeding was liability on the note. That was the same in the original and in the substitute declarations. The amount for which the surety could be held liable was in no way affected by the substitute declaration. The substitute declaration introduced no new cause of action. It pleaded in proper form that which theretofore had been clumsily and informally described. It follows irresistably from these decisions that the surety on the bond was not discharged by the allowance of the action to file the substitute declaration.

A further answer to the contention of the defendants is that it is apparent from the report of the auditor in the earlier action that the case was tried on the merits on the issues raised by the substitute declaration touching the liability of both defendants on the note in accordance with their respective obligations on it. The allowance of the motion to file the substitute declaration could have done no harm. *Quimby* v. *Jay,* 196 Mass. 584. If the validity of

the action of the Superior Court, in view of its Rule 5, in considering and allowing the motion to file the substitute declaration in the earlier action without hearing, had been seasonably questioned and rights saved so as to present the question to us properly between the parties to that action, we should hold that the error, if any, related to a matter of " pleading or procedure " and had not " injuriously affected the substantial rights of the parties." G. L. c. 231, § 132. No discussion is required to show that the allowance of a motion to file a substitute declaration which introduces no new cause of action and no new party relates to pleading or procedure. No rules of court, however binding, *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123, 125, can convert such a matter as an amendment of the pleadings into anything different from a matter of pleading. No consideration has been called to our attention and we have been unable to think of any which lends color to the contention that substantial rights of the parties to the earlier action have been harmed by the allowance of the motion under the circumstances disclosed. The argument of the defendants that the auditor's report does not disclose liability of both defendants on the note appears to us to be without merit. It seems clear that the whole case was heard and decided by the auditor, and that his findings with their reasonable inferences require the establishment of liability on the note of both defendants in the earlier action.

It is doubtful whether Rule 5 of the Superior Court, requiring the sending to the adverse party of a copy of a proposed amendment, applies to a case of this sort. The circumstances were such at the time this motion to file a substitute declaration was allowed that, if the case had come before this court, it would have been competent for us to order any amendment made in the pleadings to meet the case made by the evidence. *Noble* v. *Brooks*, 224 Mass. 288. *Martell* v. *Dorey*, 235 Mass. 35, 39, 40. *Rosen, petitioner*, 236 Mass. 321, 326. *New York Trust Co.* v. *Brewster*, 241 Mass. 155, 163. G. L. c. 231, § 125.

It has been urged earnestly in behalf of the defendants that their constitutional rights have been impaired by the

allowance of the motion to file the substitute declaration and the entry of judgment. The defendants in the earlier action cannot attack the judgment, as has been already shown, in this proceeding. That principle applies as much to constitutional as to other questions. Constitutional rights must be seasonably asserted and in conformity to established rules or they will not be entertained. *Lebowitch, petitioner,* 235 Mass. 357, 363. *Attorney General* v. *Methuen,* 236 Mass. 564, 582.

The defendant surety company contends that it has been denied due process of law because of the allowance of the motion to file the substitute declaration. It bases that contention chiefly on the requirement of Rule 5 of the 1915 Superior Court Rules, to the effect that " Motions for leave to amend shall be in writing . . . and, upon filing, a copy shall be furnished to the adverse party." It is conceded that no such copy was furnished. As before remarked, it is doubtful whether this rule applies to circumstances like those here revealed. It well may be held to bound the rights of a party seeking to amend but not to restrict the power of the court. The surety also relies upon the allowance of the motion to file the substitute declaration without hearing to the defendants in the earlier action as being violative of its constitutional right.

The substitute declaration brought in no new cause of action, added no party, and did not affect the liabilities of the defendants. The manifest purpose of the substitute declaration was to make the plaintiff's statement of her cause of action conform to the facts as disclosed by the written contract and the auditor's report.

If it were necessary we should decide that the allowance of the motion to file the substitute declaration, without compliance with Superior Court Rule 5 and without hearing under the particular circumstances here disclosed, was within the power of the court. *Hellier* v. *Loring,* 242 Mass. 251. See *Smith* v. *Mayor & Aldermen of Worcester,* 182 Mass. 232, 236.

It seems to us that no federal question is open to the defendant surety company. It is bound in this action by

whatever judgment binds their principals, the defendants in the earlier suit, except as to jurisdiction of the court and inimical effect of the substitute declaration on their rights. As already has been shown, the surety has now no ground for complaint in either of these particulars. Doubtless a hearing is usually so important to the decision of a controverted question according to the law that ordinarily it must be granted. *Billings* v. *Billings,* 110 Mass. 225, 227. *Nazro* v. *Long,* 179 Mass. 451, 455. *Parker* v. *Lewis J. Bird Co.* 221 Mass. 422. But it is not essential that there be a hearing on every subsidiary matter. There are numerous instances where important personal rights may be affected by proceedings without notice or hearing. *Burgess* v. *Mayor & Aldermen of Brockton,* 235 Mass. 95, 100, and cases there cited. *Hellier* v. *Loring,* 242 Mass. 251, and cases there collected and reviewed.

If, however, we are wrong in thinking that the surety cannot raise these questions, we are of opinion that no impairment of its constitutional rights is shown. Assuming in favor of the surety company, but without so deciding, that Superior Court Rule 5 applied and that a hearing ought to have been granted upon the allowance of the motion to file the substitute declaration, those were simply erroneous rulings of law committed by the trial judge acting within his jurisdiction. As was said in *Arrowsmith* v. *Harmoning,* 118 U. S. 194, 195, 196, " The constitutional provision is, ' nor shall any State deprive any person of life, liberty, or property without due process of law.' Certainly a State cannot be deemed guilty of a violation of this constitutional obligation simply because one of its courts, while acting within its jurisdiction, has made an erroneous decision. The Legislature of a State performs its whole duty under the Constitution in this particular when it provides a law for the government of its courts while exercising their respective jurisdictions, which, if followed, will furnish the parties the necessary constitutional protection. All after that pertains to the courts, and the parties are left to the appropriate remedies for the correction of errors in judicial proceedings." *In re Converse, petitioner,* 137 U. S. 624.

*Duane* v. *Merchants Legal Stamp Co.* 231 Mass. 113, 127, 128. No steps were taken by the defendants in the original case to review those alleged errors. The surety cannot in this proceeding avail himself of such alleged errors.

The case at bar appears to us to be so plainly distinguishable from *Coe* v. *Armour Fertilizer Works,* 237 U. S. 413, *Riverside & Dan River Cotton Mills* v. *Menefee,* 237 U. S. 189, and other cases relied on by the defendant, as not to require further discussion.

All the questions argued by the defendants have been considered. Further amplification of our reasoning upon the decisive issues seems superfluous. It is unnecessary to recite and deal specifically with the several requests for rulings presented by the defendants. They all are covered by the principles to which reference has been made. There was no error in law on the part of the trial judge in dealing with them or in ordering the verdict.

> *Verdict to stand and judgment thereon to be entered and execution to issue as ordered.*