## WILLIAM E. MORELAND *vs.* NATIONAL SURETY COMPANY.

Suffolk.   March 30, 1928. — April 4, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Surety. Practice, Civil,* Amendment.   *Bond,* To dissolve attachment.

In an action for breach of a contract of employment, the declaration alleged that the defendant agreed to employ the plaintiff for a term of three years, and that the defendant failed to pay the plaintiff at the agreed rate beginning after about seven months of the term had elapsed. The writ was dated about nine months after the beginning of the term. At the hearing of the action by a judge without a jury, the plaintiff was allowed to file a substitute declaration alleging that the defendant failed to pay the plaintiff and notified him that his services were no longer required, and claiming damages for breach of the agreement. The plaintiff recovered judgment for a greater amount than was due him as salary up to the date of the writ. In an action by the plaintiff against the surety on a bond given to dissolve an attachment in the original action, it appeared that the surety had no notice of nor opportunity to be heard upon the motion to amend in the original action. The judge found that the substitute declaration in the original action stated the cause of action relied on by the plaintiff when that action was commenced, and found for the plaintiff. *Held,* that

(1) There was nothing to show that the finding by the judge was not justified;

(2) It was proper to refuse to rule that the defendant was not liable as surety on the bond;

(3) A ruling rightly was refused that the substitute declaration was a substantial change in the cause of action;

(4) It was proper to grant requests for rulings that the substitute declaration did not so change the cause of action as to release the defendant from liability on the bond;

(5) No error appeared and the exceptions must be overruled.

CONTRACT against the surety on a bond given to dissolve an attachment.   Writ dated August 4, 1926.

In the Superior Court, the action was heard by *Sisk*, J., without a jury. The plaintiff's declaration in the original action alleged that the defendant agreed to employ the plaintiff for three years from October 10, 1921, at a salary of $5,000 per year, and that "the defendant has not paid the plaintiff at the rate as aforesaid beginning with an [*sic*] including May 15, 1922, all to the great damage of the plaintiff." The plaintiff's substitute declaration in that action alleged that the defendant "failed and neglected to pay the plaintiff . . . after May 15, 1922, and thereafter notified the plaintiff that his services were no longer required . . . , all to his great damage . . . . Wherefore he claims damages for breach of the said agreement as aforesaid." The original action was brought in July, 1922. There was evidence at the trial of the original action that the amount of salary due the plaintiff up to the time of his writ was about $1,000. The plaintiff recovered judgment in that action in the sum of $5,167.27.

The judge found "that the substituted declaration states the cause of action relied on by the plaintiff when the action was commenced," and denied the following requests by the defendant for rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. Upon all the evidence and law the plaintiff is not entitled to recover.

"3. The defendant is not liable as surety upon the bond as it was given no notice of and no opportunity to be heard on the amendment, as required by law, which imposed upon it a liability greater or different from that which it assumed by executing and delivering the bond.

"4. The substituted declaration was a substantial change in the cause of action and the surety having received no notice and no opportunity to be heard as required by law, is not liable on the bond.

"5. The substituted declaration introduced a new cause of action which was not within the undertaking of the bond given by the surety, and the surety, having received no notice as required by law and having been given no oppor-

tunity to be heard on the proposed amendment, is discharged from liability on the bond."

The judge granted the following requests by the plaintiff for rulings:

"1. On all the evidence in this case the plaintiff is entitled to recover.

"2. As a matter of law the substitute of an amended declaration for the original declaration in the case of Moreland v. Credit Guide Publishing Company, did not change the cause of action originally set forth in such a way that said substitution constitutes a defence to this action on the bond.

"3. As a matter of law there was no such change in the declaration in the case of Moreland v. Credit Guide Publishing Company, as to release the defendant in this case from liability on the bond."

There was a finding for the plaintiff in the sum of $5,167.27 and interest. The defendant alleged exceptions.

*C. J. Miller & H. A. Eyges,* for the defendant, submitted a brief.

*R. B. Owen,* for the plaintiff.

RUGG, C.J. This is an action against the principal and surety upon a bond given to discharge an attachment. The declaration in the original cause set out a written contract between the plaintiff and the Credit Guide Publishing Co., Inc., whereby the latter agreed to employ the plaintiff as manager for a period of three years at a stated salary, and alleged that the plaintiff had performed his part of the agreement but that the defendant had not paid the plaintiff at the rate prescribed, to the great damage of the plaintiff. During the trial of the original cause, the plaintiff was allowed to amend by filing a substitute declaration wherein he unequivocally sought to recover damages for breach of the contract by the defendant in that it had failed to pay him the stipulated compensation and had notified him that his services were no longer required under the contract. The sole defence here urged is that the surety was discharged by reason of this amendment to the declaration, of which it received no notice and concerning which it had no opportunity to be heard, and that the amendment constituted a

substantial change in the cause of action from that set forth in the declaration at the time the bond was given. The judge found, as stated in the bill of exceptions, that the substitute declaration stated the cause of action relied on by the plaintiff when the action was commenced. G. L. c. 231, § 51.

There is nothing in the record to indicate that this finding of fact was not entirely justified. The governing principles of law are set out at length with full citation of authorities in *Savage* v. *Welch*, 246 Mass. 170, 179–183, and need not be repeated. According to the principles there declared, plainly there was no error in the trial of this cause and the several requests of the defendant for rulings were denied rightly.

*Exceptions overruled.*