EASTERN TIRE COMPANY *vs.* EDWARD W. WITTER.

Worcester.   September 26, 1932. — January 12, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Bond,* To dissolve attachment.  *Practice, Civil,* Amendment.  *Surety.*

A surety upon a bond given to dissolve an attachment in an action is
not released from liability thereon merely for the reason that, subse-
quent to the execution of the bond and without notice to him, the
writ in the action has been amended by increasing the *ad damnum,*
originally in an amount equal to the penal sum of the bond, to a greater
amount.  Following *Townsend National Bank* v. *Jones,* 151 Mass. 454.

CONTRACT.  Writ in the Central District Court of Worces-
ter dated September 29, 1931.

The action was heard in the District Court by *Asher,* J.,
upon an agreed statement of facts.  Material facts are stated
in the opinion.  The judge found for the plaintiff in the sum
of $300 and reported the action to the Appellate Division for
the Western District.  The report was ordered dismissed and
the defendant appealed.

*L. E. Stockwell,* for the defendant.

*H. Zarrow,* (*M. N. Abodeely,* with him,) for the plaintiff.

WAIT, J.  The single question presented upon this appeal
is whether a surety upon a bond given to dissolve an at-
tachment is released from liability because, subsequent to
the execution of the bond and without notice to him,
the writ in the action in which the bond was given was
amended by increasing the *ad damnum* to a sum greater
than the penalty of the bond.  No contention is made
that the court was without jurisdiction, or that as between
the parties to the writ the amendment was improper.

The penalty of the bond is $300.  The *ad damnum* orig-
inally inserted in the writ was $300.  It was increased, on
motion duly heard and allowed, to $500.  Judgment was
entered; and execution issued in $465.66 with interest

from November 21, 1930, and fees of a levy. Nothing appears to show that the declaration as originally filed has ever been changed.

The bond was executed on August 10, 1930. It recited an attachment of goods and estate of Henry R. Carter Co., Inc., to the value of $300 at the suit of Eastern Tire Company by writ dated August 8, 1930, returnable on August 30, 1930, to the "Central District Court, of the County of Worcester," and the desire of Henry R. Carter Co., Inc., to dissolve the attachment according to law. The condition, so far as here material, was that the obligation should be void if, within thirty days after final judgment in that action, the Henry R. Carter Co., Inc., paid Eastern Tire Company the amount, if any, which it recovered in such action. The payment was not made. Suit was brought on the bond. This defendant surety requested a ruling that on all the evidence (in substance the foregoing) the plaintiff could not recover, on the ground that, without notice to him, the *ad damnum* of the writ in the original case had been increased to a sum in excess of the penal sum of the bond. The trial judge denied the request and found for the plaintiff in the penal sum of the bond with interest from September 12, 1931, the date of the execution. The Appellate Division dismissed a report. It is manifest that the condition of the bond has not been performed. The judgment entered in the action begun by writ of August 8, 1930, has not been paid. The penal sum promised is due unless some rule of law intervenes to prevent. The law will not hold sureties to perform what they have not undertaken. The contention of this surety must be that he did not undertake that his principal should pay a judgment in a greater sum than the penal sum of the bond. Obviously that contention is unsound. By the terms of his bond he undertook himself to pay the penal sum of the bond, $300, if his principal did not pay whatever judgment was legitimately awarded against it in the action referred to in the bond; but, by intendment of the law, he himself could be called on to pay only what was recoverable in the action described in the bond and was justly and equitably due

up to, but not exceeding, $300 and interest. That action limits his liability. Whatever cause of action is there, however misdescribed or understated in amount recoverable (*Morton* v. *Shaw*, 190 Mass. 554, 555), is the action for which he makes himself answerable. He cannot, however, be held if a new and different cause of action be interjected into it, even though his principal be subject thereto. If such modification be made by court or parties without notice to him, the bond ceases to be his bond. His liability is ended.

The *ad damnum* of the writ mentioned in a bond is not in most cases an essential element of the cause of action there referred to. It may be changed without a change in the cause of action. This was definitely decided in *Townsend National Bank* v. *Jones*, 151 Mass. 454. In that case a bond in $6,000 as penal sum was given to dissolve an attachment on a writ which recited $6,000 as its *ad damnum*. Later the *ad damnum* was increased to $7,000 and the declaration was amended without any change in the cause of action. The trial judge ruled that this released the surety; but this court held otherwise. It said at page 459: "Nor is the surety discharged by a mere change in the *ad damnum* named in the writ. The liability of the surety is for the penal sum in the bond, with interest. In fixing a penal sum in the bond to dissolve an attachment, he has limited his liability to that amount. So long as no new cause of action has been introduced, his rights have not been affected . . . . Unless it is shown that the surety has been, or may have been, injured by the increase of the *ad damnum*, there is no reason why he should be released from his responsibility." That decision is squarely in point here and is controlling. It has been cited frequently and without criticism. The defendant contends that its authority is weakened by language in *McNeilly* v. *Driscoll*, 208 Mass. 293, 296, and *Neszery* v. *Beard*, 226 Mass. 332, 334, which he urges imposes as a limit upon the power to increase the *ad damnum* that, as increased, it shall not exceed the penalty of the bond. He misapprehends those decisions. In the latter case the reference is to the former. In neither is

the matter here before us involved in the decision. It is inconceivable that either opinion intended to question the authority of *Townsend National Bank* v. *Jones* which the former quotes and relies upon. Nothing in the cases cited in *McNeilly* v. *Driscoll*, 208 Mass. 293, 296, imposes the limit for which the defendant contends. Indeed in *William W. Bierce, Ltd.* v. *Waterhouse*, 219 U. S. 320, 334, there cited, the statement is: "The penalty of the bond was not exceeded, and an increase in the *ad damnum* did not introduce a new cause of action. *Townsend National Bank* v. *Jones*, 151 Massachusetts, 454," thus citing as authority a case which held an amendment inserting an *ad damnum* in excess of the penalty of the bond to be proper. A simple statement of the rule of law by C. Allen, J., in *Kellogg* v. *Kimball*, 142 Mass. 124, 128, is that to have the effect of releasing a surety "the amendment must be such as to let in some new demand or new cause of action, and not merely to vary the mode of stating the liability upon the same cause of action." See also for a recent statement *Aronow* v. *Gold*, 274 Mass. 65, 68, "Lack of notice to the surety does not put an end to his responsibility if the amendment does not subject him to a different burden from the one he undertook when he executed the bond." That burden, here, was that the principal should pay within thirty days the judgment which the courts should impose for a cause of action for which the action referred to in the bond was begun.

The argument is advanced that the surety may have been willing to execute the bond for one called upon to pay $300 but unwilling to do so if the demand were a larger sum; and that it is inequitable to construe his undertaking to extend to the greater amount. The intent of the surety is to be gathered from the language of the instrument which he signed. There is nothing inequitable in holding him to the terms of the instrument. He must be taken to know that courts possess broad powers to sanction amendment to enable the plaintiff to recover all that the cause or causes of action for which suit is brought will permit. The surety's intention must be taken to be to

undertake that if the judgment obtained by the plaintiff under the rules of law applicable to the plaintiff's real demand referred to in the bond shall not be paid, he will himself be answerable up to the limit of the penal sum of the bond with interest. Justice requires that the surety shall not be in default if judgment is obtained on a cause of action or a demand not included in the claim sued upon and referred to in the bond, and so is the law. *Prince* v. *Clark*, 127 Mass. 599. *Mathews Slate Co.* v. *Sweeney*, 219 Mass. 285. *Curnow* v. *Goodman*, 244 Mass. 265, 269. *Tucker* v. *White*, 5 Allen, 322. Compare *Warren* v. *Lord*, 131 Mass. 560; *Cutter* v. *Richardson*, 125 Mass. 72. Equally properly it requires that the surety be not released from the obligation which he actually undertook. *Aronow* v. *Gold*, 274 Mass. 65, and cases cited at page 68. *Doran* v. *Cohen*, 147 Mass. 342. *Driscoll* v. *Holt*, 170 Mass. 262. *McNeilly* v. *Driscoll*, 208 Mass. 293. *Savage* v. *Welch*, 246 Mass. 170, 178, *et seq.* The *ad damnum* originally appearing is not necessarily the measure of the legitimate recovery. It is not the measure necessarily of the surety's responsibility. That measure is the penal sum of the bond with interest.

The law is settled by the decision in *Townsend National Bank* v. *Jones*, 151 Mass. 454. That decision declares the principles to which we adhere. Compare *Dunsmoor* v. *Bankers Surety Co.* 206 Mass. 23. No change was made in the plaintiff's claim as originally stated. The increase in the *ad damnum* to an amount in excess of the penal sum of the bond did not discharge the defendant.

*Order of Appellate Division dismissing report affirmed.*