*Municipal Court of the City of Boston*
No. 107128
**CHARLES TURNER**
v.
**WESTMINSTER MOTORS, INC.**
(December 11—December 17, 1964)

*Present*: Adlow, C. J., Riley & Foster, JJ.
Case tried to *Chayet, Sp. J.*

*Adlow, C. J.* Action of *contract* to recover deposit paid by plaintiff to the defendant in a transaction involving a trade-in of an old car by the plaintiff and a sale by the defendant of a new delivery wagon.

*There was evidence that* at the time the transaction was consummated the defendant agreed to allow the plaintiff $1,100 on his old 1958 Chevrolet truck: that the sale price of the Dodge station wagon which defendant sold to the plaintiff, was to be $3,650.00 (not including finance charges). *There was evidence that* the defendant was advised by the plaintiff of the purpose for which he bought the truck and the plaintiff inquired from the defendant whether the car which he contemplated purchasing was large enough for the purpose. The plaintiff was advised by the defendant that it was. After completing the transaction the plaintiff delivered his 1958 Chevrolet to the defendant, and the defendant delivered the Dodge station wagon to him. Within 4 days the plaintiff returned to the defendant and told him that the Dodge station wagon which he bought was not large

enough for his purposes; he returned the Dodge station wagon to the defendant and demanded the return of his 1958 Chevrolet. The defendant stated he was unable to return the Chevrolet because he had already sold it. In this action the plaintiff seeks to recover the value of the 1958 Chevrolet. The court found for the plaintiff.

 The defendant has made an issue of the form in which the plaintiff brings his claim. While the plaintiff might have asserted his claim with more technical accuracy, there can be no question that the declaration sets out a trade of automobiles and a subsequent return of one of the cars and an acceptance of same by the defendant. Whether the defendant agreed to the rescission or not there was ample ground for the plaintiff to assert the right to rescind. Actually, the court found there was a mutual cancellation and termination of the sales contract. Under the circumstances the plaintiff was entitled to a return of the car he had given as a trade-in. Failing in this the defendant was duty-bound to pay its value to the plaintiff.

 We are not impressed by the defendant's claim that the pleadings excused his presentation of a defense. Nor does it appear that the amendment to the declaration suggested by the court changed the cause of action. If the original declaration set forth a transaction which culminated in a rescission the amendment merely declared that the buyer desired a return of the consideration

which he had given to the defendant. The defendant had ample opportunity to hear the plaintiff's entire version of the transaction and to dispute it. If the court in the interest of legal clarity suggested an amendment, the defendant was taken by no surprise. The right of the court to allow amendments in the interest of justice is sanctioned by statute. G. L. c. 231, §51; *Savage v. Welch,* 246 Mass. 170, 178.

Counsel for the defendant has urged upon us the opinion in *Pizer v. Hunt,* 250 Mass. 498 at 504. A careful consideration of this case reinforces our conviction that the court in the cause under review properly authorized the amendment of the plaintiff's declaration.

There was no error. *Report dismissed.*

Enoch O'D. Woodhouse, II, of Boston, for the Plaintiff.

M. Harry Goldburgh, of Boston, for the Defendant.